## ROBERTS v. UNITED STATES.

### TOWNE v. SAME.

### Nos. 316, 317.

District Court, S. D. Iowa, W. D.
Oct. 21, 1931.

Hugh Finerty and D. E. Stuart, both of Council Bluffs, Iowa, for plaintiff Roberts.

Robertson & Wolfe, of Logan, Iowa, for plaintiff Towne.

Ross R. Mowry, U. S. Atty., of Newton, Iowa, and Frank F. Wilson, Asst. U. S. Atty., of Mt. Ayr, Iowa.

DEWEY, District Judge.

The above-entitled causes came on for hearing in open court at Council Bluffs, Iowa, on the 29th day of September, 1931, on the motion of the government in each cause to dismiss plaintiff's complaint for lack of jurisdiction of this court to entertain the same.

The claim of the government is that as the World War Veterans' Act, as amended as of July 3, 1930 (46 Stat. 991), provided in effect that no suit shall be instituted against the government until a denial of the claim is first had by the Director or some one acting in his name on an appeal to the Director, and, as no such denial is contained in plaintiff's petition, this court is without jurisdiction and the cause should be dismissed.

While granting that this would be correct if there had not been a formal disagreement by the Veterans' Bureau prior to July 3, 1930, as this court has determined in a memorandum decision this day filed in cause No. 301 et al., Smith v. United States, 56 F. (2d) 636, the cases here under consideration appear to present a different situation from those this day ruled upon. In cause No. 316, as alleged in the petition, the United States Veterans' Bureau formally in writing on March 4, 1930, notified the claimant of a denial of his claim, and added that the letter should be considered as evidence of a disagreement under section 19 of the World War Veterans' Act of 1924 (38 USCA § 445). This action of the United States Veterans' Bureau thereby conferred jurisdiction upon this court to hear and determine the questions under disagreement. This court therefore on March 4, 1930, was vested with jurisdiction to hear and determine these matters. It is true the case was not brought until after the amendment to the law, but, as there is nothing in the amended act to deprive the court of jurisdiction already attained, I can see no reason why this court was without jurisdiction to hear the issues raised under the formal disagreement had between the parties.

Cause No. 317 presents the same situation as that presented in cause No. 316.

The clerk will therefore in each of these causes enter the following order: It is hereby ordered that defendant's motion to dismiss this cause for lack of jurisdiction is overruled, and defendant excepts.