## MARA v. UNITED STATES.

District Court, S. D. New York.
Dec. 30, 1931.

Henry Silverman, of New York City (R. H. McNeill, of Washington, D. C., of counsel), for plaintiff.

George Z. Medalie, U. S. Atty., of New York City (Ira Koenig, of New York City, of counsel), for the United States.

WOOLSEY, District Judge.

The plaintiff's motion for judgment is in all respects denied, and judgment is given for the defendant on the ground that this court is without jurisdiction to entertain the action.

I. Whilst this is stated on the face of the motion to be a motion for judgment on the pleadings, it cannot be so treated for the reason that there is annexed to the motion papers a letter to his regional counsel from the general counsel of the Veterans Bureau, and during the argument there were certain facts stated which were not in the pleadings, but which it was agreed constituted common ground between the parties. I shall therefore deal with this motion as thus amplified.

II. This action was brought on June 18, 1931, and alleged total and permanent injuries incurred during a battle in France whilst the plaintiff's war risk insurance policy was in force.

The complaint alleges a disagreement between the plaintiff and the United States as a basis for the jurisdiction of this court.

The answer filed December 1, 1931, by the United States admits all the allegations of the complaint, except that it denies any disagreement, and then, as a separate defense, challenges the jurisdiction as follows: "That this Court does not have jurisdiction over the subject matter of this action because there has been no denial of the plaintiff's claim by the Director of the United States Veterans Bureau or anyone acting on his behalf on appeal to him as required by Section 19 of the World War Veterans' Act of 1924, as amended by Section 4 of the Act of July 3, 1930 (U. S. C. 38: 445)."

III. On July 3, 1930 an amendment to the World War Veterans' Act 1924 was approved and became effectual.

By section 4 of this amendment (38 US CA § 445), section 19 of the World War Veterans' Act 1924 was amended, and, in so far as herein relevant, is as follows:

"Sec. 19. In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies.
* * *

"The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or someone acting in his name on an appeal to the director. This section, as amended, with the exception of this paragraph, shall apply to all suits now pending against the United States under the provisions of the War Risk Insurance Act, as amended, or the World War Veterans' Act, 1924, as amended."

IV. By this amendment, the condition precedent to the jurisdiction of the courts of the United States to hear actions by World War veterans on their war insurance contracts was changed.

Prior to the amendment, the meaning of the word "disagreement" was left undefined and at large. Any denial of a claim, even though the denial were made by the humblest clerk in the Veterans Bureau, was a ground on which the plaintiff could predicate a disagreement giving the court jurisdiction.

The purpose of the amendment referred to is perfectly clear from the report of the Senate Finance Committee thereon to the Senate, which says, referring to the second paragraph quoted above from the act: "A paragraph is added to define the meaning of the term 'claim' and the term 'disagreement'

as used therein. It has for its purpose the establishment of a definite rule that before suit is brought a claimant must make a claim for insurance and prosecute his case on appeal through the appellate agencies of the bureau before he shall have a right to enter suit. Your Committee felt that in view of the fact that the Government has set up in the bureau expensive machinery for hearing claims, it was unfair for veterans to disregard this machinery on the basis of the disallowance of his claim by some subordinate board and enter suit."

This intentional and precise definition of the condition precedent to the jurisdiction of the United States District Courts in actions of this kind was clearly, therefore, to make it certain beyond peradventure that the possibility of administrative relief was exhausted before the veteran was allowed to bring his case before a judicial tribunal.

The denial of the claim which constitutes a disagreement founding the court's jurisdiction must now be formal and final, so that there remains no doubt that there has been a governmental act by the Veterans Bureau, and not merely a refusal by some subordinate official or group of officials. For the implication involved in the distinction thus taken, see Northern Pacific Railroad Company et al. v. American Trading Co., 195 U. S. 439, 467, 468, 25 S. Ct. 84, 49 L. Ed. 269.

█ This provision that administrative relief must have been exhausted before the veteran may have recourse to the courts is in line with rule 19–b of this court dealing, vis-à-vis the Department of Labor, with habeas corpus proceedings in exclusion and deportation cases. Cf. United States ex rel. Loucas v. Commissioner of Immigration (D. C.) 49 F.(2d) 473. And indeed it embodies the correct principle under which federal courts should function in connection with the exercise of the powers of the federal executive; for the proper zone of court action is not to forestall executive action, or to accelerate it, but to correct wrongs resulting from usurpation of executive power due to the extra-legal or unfair exercise thereof.

Careful observance of this principle not only leaves to administrative action what properly belongs there, but also relieves the courts of unnecessary burdens.

V. It is obviously much better governmental practice to have as many claims as possible of the kind here involved dealt with by the Veterans Bureau; and I cannot imagine a case with which I could better point my moral than the case now before me. For here, as was admitted at the oral argument, the plaintiff filed his claim with the Veterans' Bureau in September 1930, after the amendment of July 3, 1930, was in force, and when this action was brought on June 18, 1931, the plaintiff's claim was pending undetermined in the Veterans' Bureau where it was eventually allowed before the answer herein was filed on December 1, 1931.

There is not, therefore, in this case the slightest reason for the intervention of a court, except the desire of the plaintiff's attorneys to secure an allowance of fees.

If the court refuses jurisdiction in this case, the veteran will get his insurance paid to him in full; if jurisdiction here is sustained, he will have to suffer a deduction from his claim of such amount as the court may fix for his attorneys' compensation.

█ VI. Inasmuch as the World War Veterans' Act 1924, as thus amended on July 3, 1930, has given the right to bring an action against the United States only on the condition above stated, any action started by a World War veteran on his war risk policy since July 3, 1930, can be brought only in accordance with the provisions of that statute, which defines the exclusive basis of court jurisdiction in these cases.

█ Neither the Court of Claims or the Tucker Act, jurisdiction of the District Court, 28 USCA § 41 (20) is open to veterans in these cases, for the United States, through the Congress, may decide how, when, and where it wishes to be sued, and may open or close its judicial tribunals to claims against itself as and when the Congress pleases. Illinois Central R. R. Co. v. Public Utilities Commission, 245 U. S. 493, 504, 505, 38 S. Ct. 170, 62 L. Ed. 425; Reid v. United States, 211 U. S. 529, 538, 29 S. Ct. 171, 53 L. Ed. 313; Kawananakoa v. Polyblank, 205 U. S. 349, 353, 27 S. Ct. 526, 51 L. Ed. 834; Price v. United States, 174 U. S. 373, 376, 377, 19 S. Ct. 765, 43 L. Ed. 1011; Schillinger v. United States, 155 U. S. 163, 166, 15 S. Ct. 85, 39 L. Ed. 108; United States v. Gleeson, 124 U. S. 255, 259, 8 S. Ct. 502, 31 L. Ed. 421; Finn v. United States, 123 U. S. 227, 232, 233, 8 S. Ct. 82, 31 L. Ed. 128.

Therefore on June 18, 1931, when this action was started, Congress had determined that after July 3, 1930, courts of the United States should have jurisdiction of actions of this kind only when the claim had been denied by the Director of the Veterans' Bureau or some appellate mandatary appointed by him.

This jurisdictional date line is, in fact, pointedly drawn by the act itself, which provides that the last paragraph of section 19 as amended shall not apply to suits pending at the time when it went into effect. As the action here was subsequently brought, it necessarily fell within the act as amended, and not within this exception thereto.

VII. There was much argument about the letters of August 25, 1925, and September 23, 1930, written from officers of the bureau to the plaintiff, and admittedly received by him. The contention was that each of these letters stated a denial of the plaintiff's claim. I do not so construe the letter of August 25, 1925, and as to the second letter of September 23, 1930, even if it could be construed as a denial of the plaintiff's claim, it was not the act of the Director or an appellate board of the Veterans' Bureau. For, so far as it appears, the ·letter of September 23, 1930, was merely signed by an individual, and hence does not come within the definition of "disagreement" in the amendment of July 3, 1930.

■ In any event, it must be remembered that neither of those letters was treated by the parties as a denial constituting a "disagreement," because the plaintiff continued to prosecute his claim through the various administrative tribunals set up by the bureau until eventually it was allowed.

Such contemporary construction by the acts of the parties of letters which they exchanged has great weight with courts, and is usually controlling in the case of any doubt as to the implications involved in the letters.

But I entirely agree with the excellent argument of Mr. Koenig, Assistant United States Attorney, that ` what construction should be put on these letters matters not, because the jurisdictional basis for entertaining this case in this court was changed after July 3, 1930, and the new basis for jurisdiction never arose.

■ VIII. In a motion of this kind, the allegations of the answer are deemed admitted, and consequently it has been shown on these papers, irrespective of any outside admissions, that there has not been any denial by the Director of the Veterans' Bureau or any one acting on his behalf on appeal which only would constitute a "disagreement" under the amendment of July 3, 1930, above quoted; and hence that this court is without jurisdiction.

■ If on a motion such as this by the plaintiff it appears that there is not any jurisdiction to entertain the plaintiff's case, the motion will turn out, as here, to be a boomerang, and the court hearing it should dispose of the case finally on the jurisdictional point without requiring an additional motion for a dismissal on the ground of lack of jurisdiction, for courts must note and observe their jurisdictional limitations. Reid v. United States, 211 U. S. 529, 539, 29 S. Ct. 171, 53 L. Ed. 313.

Settle order for judgment of dismissal, which will not carry costs, on two days' notice.