## TAYLOR v. UNITED STATES.

### No. 20.

District Court, M. D. North Carolina.
March 15, 1932.

Robert H. McNeill, of Washington, D. C., for plaintiff.

J. D. De Ramus, Ins. Atty., U. S. Veterans' Bureau, of Charlotte, N. C., for the United States.

HAYES, District Judge.

This action was commenced by the plaintiff on March 18, 1931, to recover the benefits under a war risk insurance policy, the plaintiff alleging that he was totally and permanently disabled at the time he was discharged from the Army, and while his insurance was then in force, and that he had made demands

for the payment of his benefits, which was refused, thereby creating a disagreement between him and the United States and conferring jurisdiction upon this court to hear and determine the matter in controversy. The defendant filed an answer denying the allegations of the plaintiff, and particularly denying the disagreement, and moved the court to dismiss the action for want of jurisdiction because there was no disagreement. The cause came on for hearing on the motion to dismiss, when and where it was agreed that the court find the facts as to the disagreement from the records of the Veterans' Bureau, based on the correspondence between the soldier and the bureau. These records disclose the following correspondence:

On January 28, 1919, the plaintiff wrote the bureau of war risk insurance in Washington, D. C., as follows:

"Gentlemen: I hold certificate #293971 effective December 6th 1917. I was in overseas service 6 months, was gassed seriously on or about the 10th day of May 1918, was in Hospitals in France two months, in U. S. General Hospital #9, Lakewood, N. J. 4 months and am now unable to follow my regular vocation of work, which is farming. I wish to know if I am not entitled to pay on account of carrying War Risk Insurance, please advise me at above address.

"Yours very truly
"Walter C. Taylor."

There is no record of a reply to this letter. On April 9, 1924, the plaintiff wrote the bureau as follows:

"My dear sir: It seems to me that I would be in title to my insurance for I was discharge from general hospital no 9 Lake woud N. J. and drew pay for a total disability for 2 years and a hafe and now draw fifty dollars a month if it aint pafil for total disability ther would be no use for me to reinstate. Please ans this at wonce.

Yours truly
"Walter C. Taylor
"C-127,193."

On April 19, 1924, the bureau replied as follows:

"Dear Sir: Replying to your letter of April 9, 1924, you are informed that insurance benefits are paid only where the insured is permanently totally disabled and so rated by the Bureau.

"Our records do not show that you are entitled to this disability rating, and accordingly no benefit payments can be made.

"If it is possible, however, you are urged to apply for reinstatement of your insurance because should your disability become at some future date of such nature as to warrant a rating of permanent total, you would, provided your insurance was then in force, participate in the disability benefits of the insurance offered.

"The Bureau will be pleased to forward you additional information concerning Government Insurance if you are interested.

"For the Director
"Charles E. Mulhearn
"Ass't Director in Charge of Claims and Insurance Service."

On December 9, 1930, the plaintiff wrote the bureau as follows:

"Carthage, N. C., C-127,193, Vass. N. C.
"U. S. Veterans Bureau Washington, D. C.

"Gentlemen: Please reopen my case with view of determining retroactive insurance payments. Since discharge I have been rated total permanent disability. December 3rd. 1918 Gassed and have Rheumatism since discharge.

"Disability Discharge Dec. 3–1918.

"Thanking you for any consideration which you may show, I am

"Very respectfully yours
"Walter C. Taylor,
"Route 1, Vass, N. C."

The bureau replied on January 23, 1931, as follows:

"Dear Sir: Reference is made to your claim for benefits of insurance in the above entitled case.

"In support of this claim it is requested that the enclosed form be completed, properly notarized and returned to this office. In order to facilitate the adjudication of this claim, it is urged that effort be made to furnish full information and proper affidavits as called for in the Form.

"By direction,
"H. H. Milks, Chief, Awards Division."

The plaintiff filed with the bureau certain forms in connection with his claim for permanent and total disability, and on February 6, 1931, the bureau acknowledged receipt thereof as follows:

"Dear Sir: Receipt is acknowledged of the affidavit recently submitted to you in support of your claim for benefits of insurance.

"Every effort will be made to expedite action upon this claim and you will be fully advised as soon as action is completed.

"By direction
"H. H. Milks, Chief, Awards Division."

The plaintiff contends that the foregoing correspondence is sufficient to show the existence of a disagreement, and to confer jurisdiction upon this court to try the case. The defendant contends that it is insufficient, and that the action should be dismissed for want of jurisdiction.

Since this action was begun subsequent to the Act of July 3, 1930, it is necessary to determine whether the provisions of that act are applicable to this action. The act provided: "The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director." 46 Stat. 992, § 4 (38 USCA § 445).

Prior to the adoption of this amendment it had been held in many of the district courts that a denial by a subordinate agency to a veteran's claim conferred upon him the choice to pursue an administrative remedy by means of an appeal to a higher authority of the Veterans' Bureau, or to enter suit in the United States court for the purpose of determining his rights. It is pertinent to consider the report of the Senate Finance Committee in connection with the Act of July 3, 1930, as an aid in determining the meaning of the language employed in that act. This report provides: "A paragraph is added to define the meaning of the term 'claim' and the term 'disagreement' as used herein. It has for its purpose the establishment of a definite rule that before suit is brought a claimant must make a claim for insurance and prosecute his cause on appeal through the appellate agencies of the Bureau before he shall have the right to enter suit. Your Committee felt in view of the fact that the Government has set up in the Bureau expensive machinery for hearing claims it was unfair for a veteran to disregard this machinery on the basis of disallowance of his claim by some subordinate board and enter suit."

The Act of July 3, 1930, expressly exempts from its provision its definition of what constitutes a "claim" and a "disagreement" as to all suits then pending against the United States under the provision of the War Risk Insurance Act.

Subsequent to July 3, 1930, the director or administrator promulgated certain rules and regulations and conditions upon which a disagreement may be obtained, but it is not necessary to consider them, for none of them are applicable to the facts in this case.

The plaintiff contends that the correspondence in the year 1924 is sufficient to establish a disagreement between the parties within the meaning of the law as it then existed, and, if a disagreement did then exist, that nothing has occurred subsequent thereto which would abolish it, and that the plaintiff would have a right to institute this action and the court the jurisdiction to hear it without regard to the Act of July 3, 1930. The plaintiff further contends that General Orders Nos. 387 and 387–A, promulgated and becoming effective June 6, 1929, should govern this case in view of the ruling of the Attorney General of October 29, 1930. In this connection the ruling of October 29, 1930, deals with those cases where suit is brought in which a letter of disagreement has been issued in accordance with General Orders 387 and 387–A, subsequent to July 3, 1930, which suffices here to say that no disagreement existed under authority of regulation 387 or 387–A, and that these orders and the opinion of the Attorney General thereon have no application to the facts in this case.

Had the plaintiff instituted his action in the District Court prior to the Act of July 3, 1930, there would have been some plausibility in his contention that a disagreement had arisen from the correspondence in 1924, but the plaintiff's own conduct shows that he did not so regard it, and on his own motion the entire matter was reopened subsequent to July 3, 1930, and he submitted new proof for the purpose of establishing his claim for insurance benefits, and on February 6, 1931, he was assured by the bureau that every effort would be made to expedite action on his claim and that he would be fully advised as soon as action was completed. But without waiting for such action he commenced this action in court on March 18, 1931. In view of these facts the court is compelled to hold that no disagreement existed as contemplated in law which confers jurisdiction upon this court to determine the case on its merit.

It is conceded that the veterans and their counsel were confronted with the danger of the statute of limitation barring the veterans from prosecuting their action, and, in the confusion that arose on account of frequent changes in the law and frequent changes in the administrative policy, many suits were instituted hastily for the purpose of escaping the statute of limitation. And while this court deplores the necessity of dismissing the case and compelling the veteran to come

334

again, all of which will increase the burdens upon the soldier and his counsel as well as upon the court and all of its officials, nevertheless, the court cannot follow the expediency or the convenience of the veteran, or his counsel, the court or its officials, in violation of the plain provisions of the statute. The Act of July 3, 1930, set at rest what constitutes a "claim" and a "disagreement." The act was passed with knowledge that prior thereto the soldier had gone into the courts after obtaining a disagreement from a subordinate official without exhausting his right of appeal to higher administrative authorities. Congress makes provision through administrative agencies to enable a soldier to obtain his benefits without litigation, and the language of the act, supplemented by the report of the Finance Committee, manifests a clear intention that Congress did not intend for the veteran to incur the expense of litigation until he had exhausted all of the free remedies afforded him through the administrative agencies of the government, and further provided that the statute of limitation should not operate against him pending the consideration by the administrative agencies of his claim for insurance. In view of the fact that Congress exempted from its provision its definition of a "claim" and a "disagreement" in those cases where suits were then pending, it is perfectly manifest that it is intended for that definition to apply in all other cases.

Where the veteran files his claim but institutes his action before the claim has been denied, as required by the Act of July 3, 1930, the District Court is without jurisdiction, and such action should be dismissed. Mara v. United States (D. C.) 54 F.(2d) 397.

The order of dismissal will be entered on March 19, 1932.