## KELLEY v. UNITED STATES.
### No. 675.

District Court, E. D. Michigan, N. D.
June 28, 1932.

Kinnane & Leibrand, of Bay City, Mich., for plaintiff.

Gregory H. Frederick, U. S. Atty., of Detroit, Mich., and Otto J. Manary, Asst. U. S. Atty., of Bay City, Mich.

TUTTLE, District Judge.

This is an action by a veteran of the World War against the United States for recovery on a war risk insurance certificate, under the provisions of the World War Veterans' Act 1924 (38 U. S. Code, § 421 et seq. [38 USCA § 421 et seq.]). The cause is now before the court upon a motion by the defendant to dismiss the petition on the ground that the court is without jurisdiction herein.

The jurisdiction of this court in actions on war risk insurance certificates is prescribed and limited by the following provisions of section 19 of the said act, as amended by the Act of July 3, 1930, chapter 849, § 4, 46 Statutes at Large, 992 (38 U. S. Code, § 445 [38 USCA § 445]): "In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. * * * And the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director."

The petition by which this action was commenced, on May 27, 1931, after alleging the disability for which the plaintiff claims compensation, proceeds to set forth the claimed basis for jurisdiction herein by asserting that "the plaintiff has made due proof of said disability to the defendant and has since the month of July, 1930, repeatedly demanded payment of the aforesaid amount"; that he has been "unable to secure either satisfaction in money for said disability or a direct refusal on the part of the defendant, or a specific disagreement with plaintiff in his demand"; and that, "notwithstanding the great and urgent demand which has been made upon the defendant * * * the defendant has neglected and refused to render or provide a prompt and orderly adjudication of plaintiff's claim for the insurance payments on the ground of total and permanent disability, and due to such neglect and refusal, a disagreement now exists between the plaintiff, claimant, and the United States Veteran Bureau, and defendant herein, within the meaning of section 19 of the World War Veteran's Act of 1924, as amended."

It is clear that the language of the petition just quoted does not allege any basis for jurisdiction in this court in this case, and there are no other allegations or proofs of such jurisdiction. It will be noted that not

744

only does this petition fail to allege a "denial of the claim by the director or someone acting in his name on an appeal to the director," which is the jurisdictional ground prescribed by the applicable statute already quoted, but, on the contrary, such petition affirmatively avers that the plaintiff has been "unable" to obtain either the compensation claimed "or the direct refusal on the part of the defendant." Indeed, it is now conceded by both parties hereto that in August, 1931, the War Risk Insurance Bureau allowed the claim of the plaintiff in full.

It is elementary, fundamental law that no court can acquire jurisdiction over the United States as a party except to the extent to which the United States, acting through Congress, has consented. As, therefore, the condition on which the government has consented to be sued in such case as is here presented has not been alleged, and does not exist, this court has not acquired jurisdiction over the defendant herein. Mara v. United States (D. C.) 54 F.(2d) 397. The case of Dobbie v. United States (D. C.) 19 F.(2d) 656, cited by the plaintiff in this connection, was decided before the enactment of the 1930 amendment to the statute, and is therefore plainly inapplicable here.

It is equally well settled that it is the duty of the federal court, at every stage of proceedings pending before it, to examine into the question as to whether it has jurisdiction over the subject-matter and parties to such proceedings, and, whenever it becomes satisfied that it lacks such jurisdiction, to immediately take cognizance thereof and refuse to proceed further, regardless of the absence of an objection by any of the parties, and even if all of such parties are willing to waive such objection. Reid v. United States, 211 U. S. 529, 29 S. Ct. 171, 53 L. Ed. 313. Declaratory and confirmatory of this rule is section 37 of the Judicial Code (28 U. S. Code § 80 [28 USCA § 80]), providing that, "if in any suit commenced in a district court * * * it shall appear to the satisfaction of the said district court, at any time after such suit has been brought * * * that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court * * * the said district court shall proceed no further therein, but shall dismiss the suit."

The facts, therefore, that in the present case, before the want of jurisdiction had been brought to the attention of the court, the default of the government was taken for its failure to enter its appearance herein, and that thereafter various proceedings were had and orders entered herein, do not affect the duty of this court, now that it is convinced of such want of jurisdiction, on its own motion, if necessary, and disregarding the motion to dismiss, to dismiss this action for lack of the necessary jurisdiction.

An order will be entered accordingly.