**WESTLING v. UNITED STATES.**

No. 6896.

Circuit Court of Appeals, Ninth Circuit.

April 3, 1933.

Jess Hawley, Oscar W. Worthwine, and Hawley & Worthwine, all of Boise, Idaho, for appellant.

H. E. Ray, U. S. Atty., and Wm. H. Langroise, Sam S. Griffin, and Ralph R. Breshears, Asst. U. S. Attys., all of Boise, Idaho.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

Appeal from judgment for defendant in an action on war risk insurance certificate, rendered, on defendant's motion, because of plaintiff's alleged failure to prove a "disagreement" with the Veterans' Bureau, the

statutory prerequisite to the court's jurisdiction.[1]

Although earlier statutes[2] made "disagreement" a condition precedent to suit, that term was not defined therein; a statutory definition is first found in the Act of July 3, 1930, chapter 849, section 4, paragraph 7.[3]

The present action was begun in June, 1931. Appellant had been notified on May 23, 1929, that his claim for rating of permanent and total disability, made in a letter to the Veterans' Bureau on February 11, 1929, was denied by the Central Board of Appeals, then an intermediate appellate agency of the Bureau. In the course of further correspondence, appellant was advised of the time limitations, under Bureau regulations, for appeal from the Central Board's decision. He took no steps, however, to perfect an appeal within the designated period, which ended in February, 1930. Thus, since neither the "Director" nor "some one acting in his name" has ever denied appellant's claim "on an appeal to the Director," there obviously has been no "disagreement" within the statutory definition.

The question before us on this appeal is whether on such a claim, denied by the subordinate tribunal before July 3, 1930, suit may be brought after that date.

In the same paragraph of the section that defines disagreement, it is provided that "This section, as amended, *with the exception of this paragraph*, shall apply to all suits now pending against the United States under the provisions of the War Risk Insurance Act, as amended, or this chapter." (Italics ours.)

Appellee contends that the quoted language necessarily implies that the paragraph and therefore the new definition are applicable to all except suits pending on July 3, 1930 [Taylor v. United States, 57 F.(2d) 331 (D. C. M. D. N. C. 1932)]; that consequently the court was without jurisdiction in this action.

Appellant, on the other hand, points out that, as he did not appeal from the Central Board ruling, its decision, by departmental regulation, became a final denial of his claim,[4] and under the then practice constituted a disagreement. He contends that it is unreasonable to infer a congressional intent that, merely because an action was not pending on July 3d, a claimant under such circumstances should prosecute his claim anew in the Bureau, thus complicating and confusing his situation. The generous policy evidenced by the act of 1930, it is urged, confirms this conclusion. Cf. United States v. Arzner (1933) 287 U. S. 470, 53 S. Ct. 238, 77 L. Ed. ——. See, too, Straw v. United States, 62 F.(2d) 757 (C. C. A. 9th 1933).

The specific form in which the saving clause is cast, provides a partial answer to appellee's contention. There is no express declaration affirmatively that "this paragraph shall apply to all except pending suits" or negatively that "this paragraph shall not apply to pending suits." Attention is focused not at all upon the exception with reference to paragraph 7, but upon the immediate applicability of the section. The incidence of emphasis demonstrates at least that the interpretation for which appellee contends, is not compelled, that Congress did not necessarily intend the statutory definition to apply in all suits thereafter instituted.

In providing that the entire section, except the paragraph defining disagreement, should apply to pending suits, the statute may well be construed to mean that the new definition is to be given only prospective application; that is, that it is to be confined to suits in which claimants' applications had been filed in the Bureau after, or were pending therein on, July 3, 1930.

We concur, too, in the argument based on the general provisions of the act so favorable to a claimant. Thus, in the second paragraph of section 4,[5] the period of limitations

---

[1] Paragraph 1 of Act of July 3, 1930, c. 849, § 4, 46 Stat. 992 (38 USCA § 445), provides: "In the event of disagreement as to claim, * * * under a contract of insurance between the bureau and any person * * * claiming thereunder an action on the claim may be brought against the United States. * * *"

[2] Act of May 20, 1918, c. 77, § 13, 40 Stat. 555; Act of June 7, 1924, c. 320, § 19, 43 Stat. 612; Act of March 4, 1925, c. 553, § 2, 43 Stat. 1302. See United States v. McGovern, 299 F. 302 (C. C. A. 9th 1924), writ of error dismissed (1925) 267 U. S. 608, 45 S. Ct. 351, 69 L. Ed. 812; United States v. Lyke, 19 F.(2d) 876 (C. C. A. 9th 1927); United States v. Burleyson, 44 F.(2d) 502 (C. C. A. 9th 1930), and cases there cited.

[3] "The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director."

[4] Bureau Regulation No. 132, January 26, 1926, in effect when appellant's claim was denied, provides, in part: "Sec. 7139. * * * The decision of any section of the central board of appeals shall be final on all questions properly before the board, unless appealed to the director. * * *" Regulations and Procedure United States Veterans' Bureau (1930), part I, p. 171.

[5] "No suit on yearly renewable term insurance shall be allowed under this section unless the same

was extended for another year "in order that," to quote the Senate Committee report, "no veteran may be deprived of his right to enforce his contract of Government insurance merely because of lapse of time." [6] The same paragraph re-enacted the provisions of the Act of May 29, 1928, chapter 875, § 1, 45 Stat. 964, by which the period of limitations was suspended during the pendency of a claim in the Bureau and an additional year was given to renew an action which fails for "defect in process, or for other reasons not affecting the merits." Furthermore, the statute, like the act of 1928, permits a new action notwithstanding that a judgment had theretofore been rendered against the insured, if that judgment was based upon the defense of time limitation. The liberal policy embodied in these provisions indicates the spirit in which the interpretation of this legislation, at least in so far as it affects claimants' right to judicial review, should be approached.

The interpretation of the paragraph defining disagreement and the determination of the extent of its applicability, cannot, therefore, be based solely or even primarily upon the purpose underlying the new definition. That purpose clearly is to compel a claimant to exhaust his administrative remedies before invoking the aid of the court and thus to end the practice of treating the denial of a claim by a subordinate agency as a disagreement.[7] That purpose, however, may well be deemed to look only to the future, and the definition

therefore to be applicable only to such claims as may thereafter be denied by the Bureau. It is entirely proper to infer that, if Congress had intended a different treatment for the essentially similar cases of actions begun on July 2d, and on July 5th, in each instance on claims denied before July 3d by a subordinate tribunal within the Bureau, it would naturally have expressly and affirmatively provided that "this section, with the exception of this paragraph, shall apply to all suits now pending and this paragraph shall apply to all suits hereafter filed."

In what has been said, we have assumed that the denial of appellant's claim by the Central Board of Appeals did constitute a disagreement under the statute then in force. This court has heretofore expressly withheld judgment on that question. United States v. Burleyson (1930) 44 F.(2d) 502. In view, however, of the settled practice in other courts [8] and the clear recognition by Congress of the validity of that practice prior to July 3, 1930, we agree, as does appellee, that prior to July 3, 1930, a denial was an effective disagreement, even though not made by the Director of the Bureau.

The views herein expressed are in accord with the decision of this court, on November 14, 1932, in United States v. Kerr, 61 F.(2d) 800. The specific question now before us was not raised in the briefs or directly considered in the opinion. From the record and briefs, however, it appears that the claim was there made to and denied by the Bureau prior to July 3, 1930, that the action was brought thereafter, and that there was no evidence of a denial by the Director or any one acting in his name. Nevertheless, this court expressly sustained the District Court's jurisdiction. Our decision in United States v. Densmore (1932) 58 F.(2d) 748, certiorari denied (1932) 53 S. Ct. 24, 77 L. Ed. ——, must be restricted to the holding that no sufficient "claim" was shown. There again the question now before us was not raised in the briefs. In United States v. Peters, 62 F.(2d) 977 (C. C. A. 8th 1933), too, a limitation of

---

shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date: * * * Provided, * * * That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director. * * * If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed. Judgments heretofore rendered against the person or persons claiming under the contract of war-risk insurance on the ground that the claim was barred by the statute of limitations shall not be a bar to the institution of another suit on the same claim. * * *"

[6] Sen. Rep. 885, 71st Cong., 2d Sess., 1930, reporting H. R. 10381. This bill was vetoed. H. Doc. 495, 71st Cong., 2d Sess., 1930. But, as finally enacted, the Act of July 3, 1930, did not alter in any respect here material the provisions to which the above-quoted remarks were addressed.

[7] See Sen. Rep. 1128, 71st Cong., 2d Sess., 1930, reporting H. R. 13174. A similar committee report was made in the House in reporting H. R. 10381 (see H. Rep. 874, 71st Cong., 2d Sess., 1930); although H. R. 10381 was vetoed (see H. Doc. 495, 71st Cong., 2d Sess., 1930), it contained the same definition of disagreement as that subsequently enacted in H. R. 13174.

[8] United States v. Hill, 62 F.(2d) 1022 (C. C. A. 8th 1933); Roberts v. United States, 56 F.(2d) 639 (D. C. S. D. Iowa, 1931). See Mara v. United States, 54 F.(2d) 397, 398 (D. C. S. D. N. Y. 1931); Taylor v. United States, 57 F.(2d) 331 (D. C. M. D. N. C. 1932); 36 Op. Attys. Gen. 456, at page 459. Cf. Norton v. United States, 57 F.(2d) 869 (D. C. E. D. Tenn. 1930).

There is also an intimation to the same effect in our opinion in United States v. Lyke (1927) 19 F.(2d) 876.

the applicability of the new definition of disagreement to claims denied after July 3, 1930, does not appear to have been considered.

Reversed and remanded.