## YOUNT v. UNITED STATES.

### No. 565.

District Court, W. D. Missouri, S. D.
Sept. 7, 1934.

Neale, Newman & Turner, of Springfield, Mo., for plaintiff.

Thomas J. Layson, Asst. U. S. Atty., of Trenton, Mo.

REEVES, District Judge. .

The government has filed a motion to dismiss the above cause for want of jurisdiction. The only ground set up in said motion which needs consideration is the one that there was not a disagreement between the soldier and the government as required by law.

The suit was filed February 14, 1931. The suit was on a policy of war risk insurance, and the right to bring suit was vouchsafed to the plaintiff by the act approved July 3, 1930 (46 Stat. 991). It was specifically provided in said act that claims under such policies might be made "within one year after July 3, 1930." Section 4 (38 USCA § 445). This suit was filed within that period.

The basis of the disagreement was a letter signed by "H. H. Milks, Chief, Awards Division," under date of November 20, 1929. The letter was addressed to attorneys for the plaintiff, and acknowledged receipt of a communication dated November 11, 1929. The pertinent portions of the letter are as follows: "You are informed that a review of the files in this case discloses that the War Risk Insurance of this veteran lapsed for nonpayment of premium due at the time of discharge of this veteran and was never thereafter revived or reinstated; therefore, there are no insurance benefits payable in this case."

Suit was not filed under said act approved July 3, 1930.

By the amendment of July 3, 1930, the word "claim" was defined, as well as the meaning of the word "disagreement." The latter was defined to mean "a denial of the claim by the director or some one acting in his name on an appeal to the director." It was then provided that the section then amended, and as amended, being section 445, tit. 38 U. S. C. (38 USCA § 445), "shall apply to all suits now pending against the United States under the provisions of the War Risk Insurance Act, as amended, or this chapter."

However, the Congress undertook to except from the application of the amendment the paragraph relating to the subject of "disagreement." It used the following language in making the exception: "With the exception of this paragraph, shall apply to all suits now pending against the United States."

It will be observed that the amendments require "a denial of the claim by the director or some one acting in his name on an appeal to the director."

This congressional requirement was based upon a former act of Congress that a disagreement was a prerequisite to jurisdiction of the courts. United States v. Knott (C. C. A.) 69 F.(2d) 907, loc. cit. 908. When Congress amended said section by requiring a presentation of the claim to the director and a denial by him, the plaintiff had already obtained a valid denial by the Veterans' Bureau, and, under the law as it then stood, the courts were invested with jurisdiction. The plaintiff, therefore, had his claim, and had his denial or disagreement at a time when Congress had provided that the government might be sued. All limitations upon the right to sue were annulled, and for a limited period the right was again given to the veteran.

The only question in the case, therefore, is whether the words "shall apply to all suits now pending against the United States" mean suits actually filed or suits in the process of filing or eligible to be filed because of a disagreement.

Ordinarily, a suit is not pending until a petition has been filed, although I apprehend, in some jurisdictions where notice is first served, the suit is considered as pending upon the service of such notice and prior to the

declaration or petition having been filed. In the instant case, when the Bureau rejected the claim on November 20, 1929, the court was vested with jurisdiction, and the administrative department then understood that the plaintiff was clothed with authority to institute his suit. So far as the administrative department was concerned, the suit was pending. This construction must have been in the mind of the Congress, for the reason that it would be folly to require a veteran, after having obtained a valid disagreement, to go through the same process in order to obtain a specific denial by the director. If the Congress had had this in mind, it could have annulled all prior disagreement, and specifically provided for a denial by the director as a prerequisite for jurisdiction in suits to be filed in the future.

The case of Westling v. United States (C. C. A.) 64 F.(2d) 464, adheres to this rule, although the later case of United States v. Earwood, etc. (C. C. A.) 71 F.(2d) 507, decided June 12, 1934, is opposed. . The latter case was determined in the Fifth Circuit, whereas the former was determined in the Ninth Circuit. It is probable that the Supreme Court will be required to harmonize the discord between these circuits. Until that is done, I am of the view that the Congress regarded suits as pending in all those cases where the court was invested with jurisdiction by reason of the fact that a valid disagreement existed. In that view, the motion to dismiss should be, and is, overruled. It is so ordered.