## McLAUGHLIN v. UNITED STATES.
### No. 1089.

Circuit Court of Appeals, Tenth Circuit.

Dec. 12, 1934.

M. A. Cox, of Chandler, Okl. (Roscoe Cox, of Chandler, Okl., on the brief), for appellant.

Young M. Smith, Atty., Department of Justice, of Washington, D. C. (Wm. C. Lewis, U. S. Atty., and Wade H. Loofbourrow, Asst. U. S. Atty., both of Oklahoma City, Okl., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett, Sp. Asst. to Atty. Gen., on the brief), for the United States.

Before LEWIS and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

PHILLIPS, Circuit Judge.

This is an action on a policy of war risk insurance. A jury trial was waived and the cause tried to the court. At the conclusion of the trial the court dismissed the action on the ground that no disagreement existed, and that it was without jurisdiction.

The only question presented here is whether there was a disagreement.

The claim for insurance benefits was filed on March 25, 1930, and denied on April 10, 1930, by a regional manager of the Veterans' Bureau at Oklahoma City, Oklahoma. This action was filed after the enactment of section 4, Act of July 3, 1930, which amended section 19, World War Veterans' Act 1924 (38 USCA § 445).[1]

---

[1] Section 19, supra, as amended by Act July 3, 1930, § 4 (38 USCA § 445), in part reads as follows:

"In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdic-

██ War risk insurance policies are contractual obligations of the government, yet they confer no right of action on the insured or his beneficiary independently of the sovereign will. The rule that the United States may not be sued without its consent is all embracing. Lynch v. United States, 292 U. S. 571, 581, 54 S. Ct. 840, 78 L. Ed. 1434; United States v. Earwood (C. C. A. 5) 71 F.(2d) 507. One of the conditions upon which this consent has been granted, is the existence of a disagreement, and such disagreement is a jurisdictional prerequisite. United States v. Burleyson (C. C. A. 9) 44 F.(2d) 502. Statutes enacted prior to the amendment of July 3, 1930, made disagreement a condition precedent to suit, but did not define the term "disagreement." [2]

██ Under such statutes a denial of a claim by a regional manager of the Veterans' Bureau would have constituted a valid disagreement. In Mara v. United States (D. C. N. Y.) 54 F.(2d) 397, 398, the court said: "Prior to the amendment, the meaning of the word 'disagreement' was left undefined and at large. Any denial of a claim, even though the denial were made by the humblest clerk in the Veterans' Bureau, was a ground on which the plaintiff could predicate a disagreement giving the court jurisdiction."

But Congress by the amendment of July 3, 1930, required, as a prerequisite to jurisdiction by the courts, that the claimant exhaust his administrative remedies, by having the claim for benefits denied "by the director or some one acting in his name on an appeal to the director." Fouts v. United States (C. C. A. 5) 67 F.(2d) 249, 250; United States v. Earwood (C. C. A. 5) 71 F.(2d) 507; Mara v. United States (D. C. N. Y.) 54 F.(2d) 397.

It is contended that since the claim for benefits was filed and denied before July 3, 1930, the amendment, because of the exception clause contained therein, is not applicable.[3] The exception clause reads as follows: "This section, as amended, with the exception of this paragraph [that is, the definition of claim and disagreement], shall apply to all suits now pending against the United States." We think the meaning of this clause is clear. Congress by excluding from the definitions of "claim" and "disagreement" all pending suits, intended, under the maxim expressio unius est

---

tion is hereby conferred upon such courts to hear and determine all such controversies. * * *

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date. * * *

"The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director. This section, as amended, with the exception of this paragraph, shall apply to all suits now pending against the United States under the provisions of the War Risk Insurance Act, as amended, or this chapter."

[2] Act of May 20, 1918, c. 77, § 13, 40 Stat. 555; Act of June 7, 1924, c. 320, § 19, 43 Stat. 612; Act of March 4, 1925, c. 553, § 2, 43 Stat. 1302 (38 USCA § 445).

[3] This question has been decided by two circuits. In Westling v. United States (C. C. A. 9) 64 F.(2d) 464, the court held that the Act of July 3, 1930, was prospective, and that Congress manifested its intent, by the exception clause, not to require a claimant whose claim had been denied by a subordinate agency of the bureau prior to July 3, 1930, to exhaust his administrative remedies.

However, in United States v. Earwood (C. C. A. 5) 71 F.(2d) 507, 508, the court reached the opposite conclusion, saying: "The case of Westling v. United States (C. C. A. 9) 64 F.(2d) 464, 465, is pressed upon us. We agree that the Act of July 3, 1930, is generally prospective in its operation, but we cannot agree to the construction and effect there given its words which follow the definition of 'claim' and 'disagreement': 'This section, as amended (being 38 USCA § 445), with the exception of this paragraph (that is, the definition of claim and disagreement), shall apply to all suits now pending against the United States,' etc. They plainly mean that, while the new definitions are not to apply to pending suits, they shall apply to suits thereafter filed. No vested right exists in a supposed disagreement. The Congress, we think, required every claimant who had not already sued to reach a final disagreement by appeal to the Director, or his successor the Administrator, and for this purpose gave another year plus such time as might elapse between the making of the claim and his denial of it. There was not even hardship in this requirement. It suffices that Congress thought proper to make it. This claimant had no right to sue in disregard of it."

exclusio alterius, that such definitions should apply to all suits thereafter filed. That intention is further shown by the fact that another year was given in which to file a suit, plus such time as might elapse between the making of the claim and the denial of it.

It is our opinion that the amendment of July 3, 1930, is applicable to this action, and the lower court was right in holding that it was without jurisdiction.

The judgment is affirmed.