## THELIN v. UNITED STATES.
### No. 5247.

Circuit Court of Appeals, Seventh Circuit.

Oct. 11, 1934.

Edward H. S. Martin, of Chicago, Ill., for appellant.

Dwight H. Green, U. S. Atty., and Edmond Sullivan, Asst. U. S. Atty., both of Chicago, Ill., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett and Randolph C. Shaw, Sp. Assts. to Atty. Gen., for the United States.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

SPARKS, Circuit Judge.

This is an action on a contract of yearly renewable war risk insurance seeking recovery of monthly installment benefits on the ground of permanent total disability, which appellant alleges existed on the date of his discharge on March 14, 1919. It was stipulated that the cause should be tried without a jury and in case the court should find that it had jurisdiction of the subject matter the cause should be set for trial on the other issues before a jury.

On the question of jurisdiction the court found the following facts: Under date of June 13, 1929, the Regional Manager of the United States Veterans' Bureau, at Chicago, wrote the claimant and plaintiff that it had been decided by the Central Board of Appeals that the evidence was insufficient to warrant a permanent and total disability rating at any time subsequent to claimant's discharge from the service, and that "This letter is, accordingly, evidence of a disagreement under section 19 of the World War Veterans' Act 1924, as amended [38 USCA § 445]." On August 16, 1929, claimant started the present suit. On the same date that he started suit, but according to his testimony, after the suit was started, he mailed a notice of appeal from the decision mentioned in said letter of June 13, 1929, to the Director of the United States Veterans' Bureau. This letter was mailed from Hines, Illinois, and addressed to the Regional Office

of the Veterans' Bureau, Chicago, where it was received August 17, 1929. On August 19, 1929, the Regional Adjudication Officer, at Chicago, wrote the claimant that the letter of June 13, 1929, was a sufficient disagreement and that an appeal to the Director was not necessary, and requesting him to write and say whether he desired an appeal to the Director. On August 28, 1929, claimant wrote the Regional Office of the United States Veterans' Bureau at Chicago, as follows:

"It is my desire to appeal my case to the Director as requested in my letter of August 16, 1929, although I have started suit for the recovery of my war risk insurance.

"My main purpose in so appealing is to guard against loss of any of my rights through any technical failure to take advantage of all proper steps in the Veterans' Bureau in case it should be later determined that a decision by anyone other than the Director of the Veterans' Bureau is an insufficient basis for suit."

The District Court found that it was without jurisdiction under the ruling of this court in Hansen v. United States, 67 F.(2d) 613. That ruling was correct. Whether the appeal to the Director takes place before or after the institution of the suit in the District Court makes no difference.

The judgment is affirmed.