**UNITED STATES v. KNOLES.**

No. 10075.

Circuit Court of Appeals, Eighth Circuit.

Jan. 31, 1935.

Armistead L. Boothe, Atty., Department of Justice, of Washington, D. C. (George Philip, U. S. Atty., of Sioux Falls, S. D., Frank Wickhem, Asst. U. S. Atty., of Sioux Falls, S. D., and John T. Heffron, Asst. U. S. Atty., of Deadwood, S. D., on the brief), for the United States.

E. B. Adams and C. A. Wilson, both of Hot Springs, S. D., for appellee.

Before GARDNER, SANBORN, and VAN VALKENBURGH, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a judgment entered upon a directed verdict in favor of the plaintiff in an action upon a policy of war risk insurance. The only question which we feel called upon to decide is whether the court erred in directing a verdict.

In his petition the plaintiff alleged total permanent disability since April, 1919, and a disagreement with the defendant (herein referred to as the government), which had "wholly failed and refused to pay" the benefits of the policy.

The government's answer, after admitting that the policy was issued to the plaintiff and that premiums had been paid up to and including the month of November, 1925, contained the following averments, denial, and admissions:

"Defendant alleges further that it was found and determined by the defendant that the plaintiff became permanently and totally disabled on or about April 19th, 1919, while the above described policy of War Risk Insurance was in force. That in accordance with the terms of said War Risk Insurance defendant paid to the plaintiff thirty-two monthly instalments of $57.50 each, as insurance benefits under said War Risk Insurance, such instalments and payments covering the period from April 19th, 1919, to December 18th, 1921, and totaling the sum of $1840.00. That said defendant has been fully paid insurance benefits under said policy of War Risk Insurance in said amount for said period. That on or about December 18th, 1921, it was found and determined that the plaintiff was not permanently and totally disabled, and said plaintiff was notified that he must pay the required premium upon the remaining portion of said insurance not paid. That said plaintiff paid premiums thereafter on said remaining portion of such insurance from on or about December 18th, 1921, up to and including the month of November, 1925. That plaintiff has not paid any premiums on said insurance since the last named date. Defendant denies that plaintiff was permanently and totally disabled at the end of November, 1925, or within one month thereafter, and alleges that by reason of the failure of the plaintiff to pay premiums on said insurance on and after November, 1925, the said insurance lapsed, and all rights of the plaintiff under said War Risk Insurance ceased.

"Defendant admits that the plaintiff has demanded payment from the defendant of the sum of $57.50 per month for each month

after November, 1925, such demand being made upon the said War Risk Insurance, and that the defendant has failed and refused to pay said sum or any part thereof; admits that defendant has disagreed with the plaintiff as to his claim under said War Risk Insurance."

At the opening of the trial, the plaintiff moved the court for judgment on the pleadings upon the ground that, by its answer, the government had admitted all of the material allegations of the petition, and that, having admitted that the plaintiff had once been determined to have a total permanent disability while his insurance was in force, the government was estopped from alleging or proving the contrary. Thereupon, with leave of the court, the defendant amended its answer by alleging: "That on or about December 18, 1921, the defendant, by and through the Veterans Bureau and its proper officers, found and determined that the plaintiff was not permanently or totally disabled." The court then denied the motion for judgment on the pleadings.

The plaintiff moved the court to require the government to sustain the burden of proving that he was not totally and permanently disabled while his policy was in effect. The court granted this motion, and the government took an exception. The government then introduced evidence which tended to prove that the plaintiff had never been totally and permanently disabled while his policy was in force, and the plaintiff followed with his evidence.

The government's evidence, among other things, showed that on October 29, 1921, a letter was sent to the plaintiff by the "Assistant Director, in Charge of Insurance Division, U. S. Veterans' Bureau," advising him that, due to a change in disability rating, the benefits of his policy had been discontinued; that it would be necessary for him to begin premium payments in the month of December, 1921; that the amount of insurance which he might resume was $9,022, being the commuted value of the remaining unpaid installments; and that premiums might be deducted from his compensation. The evidence also showed that on November 3, 1921, the plaintiff replied to this letter of the Assistant Director, and advised him that he (the plaintiff) desired to continue his insurance for $9,022 in force, and authorized the deduction of premiums from his compensation under the War Risk Act (40 Stat. 398).

At the close of the evidence, the government moved for a directed verdict in its favor. The court, in denying the motion, said: "As I view it, we are not concerned at this stage of the proceeding with the physical condition of this applicant at all. He having once been held totally and permanently disabled, that condition is presumed to have continued until a determination to the contrary by some board or tribunal authorized to make such a determination. Was any such determination ever made? Is there any competent proof before the Court that any such determination was ever made?" The court then expressed the opinion that there was no competent evidence of any determination to the contrary, and said: "Until that determination is made, according to the rules and regulations laid down by the Veterans Bureau, which have the force and effect of law and become part of the contract, until that determination is made the presumption is that he remains totally and permanently disabled, and no right exists in the government or those in control of the Veterans Bureau to cease the payments under a policy after a man has been held to be totally and permanently disabled and [payments] have been made. The board has no rights to cease making payments until a determination that he is no longer totally and permanently disabled, regardless of his physical condition." The court further said: "As I view the case the motion for the government for a directed verdict, of necessity, will have to be denied, and as I view the case there is no issue of fact left in the case."

Thereupon, plaintiff's counsel said:

"In view of the statement of the Court, I move the Court to instruct the jury to return a verdict in favor of the plaintiff, and against the defendant for the difference between the amount of ten thousand dollars, less $1840, the amount paid in the thirty-two payments."

"The Court: I am not prepared to say that I will grant the motion as to the exact amount of the verdict. I would have no authority to enter up judgment as to any future payments."

"Mr. Adams [plaintiff's counsel]: I will revise the motion that the Court direct the jury to return a verdict in favor of the plaintiff and against the defendant upon all of the issues in the case."

This motion was granted, a verdict returned in favor of the plaintiff, and judgment entered.

560

The plaintiff was seeking an adjudication of his rights under his contract of insurance, not a review of the rulings of the Director of the Veterans' Bureau. He (the plaintiff) asserted a disagreement as to his claim for the benefits of his policy. The government admitted the disagreement.

■ If there was in fact no disagreement, the lower court was without jurisdiction. United States v. Knott (C. C. A. 6) 69 F. (2d) 907, 908; United States v. Peters (C. C. A. 8) 62 F.(2d) 977, 979.

The court found, in effect, that there was no disagreement, since it found that the plaintiff claimed total and permanent disability, and that the Director had once determined that the plaintiff was totally and permanently disabled, and had made no contrary finding. If the court was correct in its conclusion, then the action should have been dismissed for want of jurisdiction.

"Necessarily, therefore, the fact that the Bureau does not believe a man is permanently and totally disabled does not conclude the case where a claim is made on an insurance policy; such belief starts the case in the courts, for, if the Bureau believed he was totally and permanently disabled, there would be no disagreement and no jurisdiction." United States v. Golden (C. C. A. 10) 34 F.(2d) 367, 370.

■ The court below obviously misconceived the effect of an administrative ruling or determination with respect to insurance. Such a ruling with respect to compensation and other matters not within the purview of section 19 of the World War Veterans' Act of 1924 (as amended by Act March 4, 1925, 38 USCA § 445) is virtually a finality. Silberschein v. United States, 266 U. S. 221, 225, 45 S. Ct. 69, 69 L. Ed. 256; United States v. Williams, 278 U. S. 255, 257, 49 S. Ct. 97, 73 L. Ed. 314; Meadows v. United States, 281 U. S. 271, 274, 50 S. Ct. 279, 74 L. Ed. 852, 73 A. L. R. 310. With respect to insurance, however, a different situation prevails.

■ "In the event of disagreement as to claim under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies." Section 19 of the World War Veterans' Act of 1924, as amended March 4, 1925, c. 553, § 2, 43 Stat. 1302 (U. S. C. title 38, § 445 [38 USCA § 445]).

The action provided for in case of disagreement was one at law. "The jurisdiction possessed was that to be exercised in accordance with the laws governing the usual procedure of the court in actions at law for money compensation." Law v. United States, 266 U. S. 494, 496, 45 S. Ct. 175, 176, 69 L. Ed. 401.

"Therein the whole matter is at large and open to contention, the proceeding in no sense a review of the bureau's judgment." McGovern v. United States (D. C. Mont.) 294 F. 108, 109.

" * * * Congress expressly placed upon the courts the duty of deciding claims under insurance policies in case of disagreement of the parties." United States v. Golden (C. C. A. 10) 34 F.(2d) 367, 370, supra.

"The bureau determines the fact of disability for purposes of compensation; the courts determine it for purposes of insurance." United States v. Hendrickson (C. C. A. 10) 53 F.(2d) 797, 799.

In United States v. Green (C. C. A. 8) 69 F.(2d) 921, 922, Judge Stone, in delivering the opinion of this court, said: "Whether a claimed disability was 'total permanent' and was such during the life of the contract are questions of fact. The initial determination of these fact questions is placed by the statute (40 Stat. 398, 410) in the bureau of war risk insurance with provision for judicial determination in case of disagreement in the bureau. To aid the bureau in performing its duties, the statute (40 Stat. 398, 399) authorized the director of the bureau to make rules and regulations covering various matters including 'the nature and extent of the proofs and evidence * * * to establish the right to benefits of * * * insurance provided for in this Act.' In pursuance of that power and to define the meaning of the terms 'total' and 'permanent' (as applied to disability), the director ruled (T. D. 20 W. R.) that 'any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed * * * to be total disability. Total disability shall be deemed to be permanent whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it.' While 'the above-quoted administrative decision is not, and

manifestly was not intended to be, an exact definition of total permanent disability or the sole guide by which that expression is to be construed' (Lumbra v. United States [290 U. S. 551, 559], 54 S. Ct. 272, 276, 78 L. Ed. 492 * * *), and while such definition is, obviously, not binding upon courts, yet it has been found useful and has influenced many decisions on this character of insurance. In the Lumbra Case, supra, it is well said: 'The various meanings inhering in the phrase make impossible the ascertainment of any fixed rules or formulæ uniformly to govern its construction.' About all that can be said is that the phrase is 'to be construed reasonably and having regard to the circumstances of each case,' remembering that ' "total disability" does not mean helplessness or complete disability, but it includes more than that which is partial' and ' "permanent disability" means that which is continuing as opposed to what is temporary. Separate and distinct periods of temporary disability do not constitute that which is permanent' (Lumbra Case)."

The definition of "total permanent disability" contained in the Director's ruling is not binding upon the courts. The courts in these cases are required to determine independently the question of total permanent disability, having regard to the circumstances of each case and the character and effect of the disability when considered in connection with the individuality of the person disabled. Lumbra v. United States, 290 U. S. 551, 558, 54 S. Ct. 272, 78 L. Ed. 492, supra; United States v. Green (C. C. A. 8) 69 F.(2d) 921, 922, supra; United States v. Stephens (C. C. A. 9) 73 F.(2d) 695, 704, 705.

While the Director may change his awards and decisions with respect to disability under insurance contracts, United States ex rel. Finley v. Hines, 58 App. D. C. 120, 25 F.(2d) 544; United States ex rel. Wilkinson v. Hines, 64 App. D. C. 5, 73 F. (2d) 514, he may not vary the terms of the contract of insurance by the adoption of regulations inconsistent therewith and bind the courts thereby. Miller v. United States (C. C. A. 5) 71 F.(2d) 361.

Since the Director may only initially determine the question of total permanent disability for purposes of insurance, and since his determination of that question rests upon his own definition, which is not binding upon the courts, and upon his own regulations covering "the nature and extent of the proofs and evidence," and since the courts, in the event of disagreement, are required to determine the fact of total and permanent disability in accordance with the rules of law which control them, it seems plain that the Director's conclusion as to the ultimate fact of disability can be no more binding upon the courts than are his definitions or his regulations as to the proofs and evidence which guide him in reaching it.

The plaintiff here had a contract of war risk insurance which provided that if he became totally and permanently disabled while it was in force, he was entitled to its benefits. His contract, if it was matured at all, was matured by the happening of the contingency insured against, and not by what the Director of the Bureau believed or found to be the extent of the plaintiff's disability.

The existence of a disagreement as to plaintiff's claim for the benefits of his insurance gave to the court below complete jurisdiction to determine whether, as a matter of fact, the plaintiff was, as he claimed, totally and permanently disabled during the life of his policy. The burden was upon him to prove that he was totally and permanently disabled, as he alleged, without regard to administrative rulings on that subject. The question of his alleged total permanent disability was to be determined from the competent, relevant, and material evidence adduced at the trial. The burden of proof and the burden of going forward with the evidence was upon the plaintiff. It was only in the event that he established his right to recover that the payments made to him through the Bureau, because of the administrative ruling of the Director, would become important. If entitled to recover at all, he was entitled to recover no more than the payments that his policy called for, less what he had previously received.

We express no opinion whatever as to the sufficiency of the plaintiff's evidence to take his case to the jury. That question was not passed upon by the court below except in a limited sense. The case was tried upon the theory that the government had the burden of proof. When tried upon a correct theory, the plaintiff's proof may not be the same.

The judgment is reversed, and the case remanded for a new trial.