### EGAN v. UNITED STATES.
#### No. 5556.

Circuit Court of Appeals, Seventh Circuit.
Nov. 21, 1935.

Rehearing Denied Dec. 28, 1935.

Edward H. S. Martin, of Chicago, Ill., for appellant.

M. L. Igoe, U. S. Atty., of Chicago, Ill., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett and Fendall Marbury, Sp. Assts. to Atty. Gen., for the United States.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

SPARKS, Circuit Judge.

This is an appeal from an order of the District Court dismissing a suit, brought by appellant's decedent on his policy of war risk insurance, for want of jurisdiction. It was stipulated in the court below that the cause should be submitted to the court for trial on the issue as to jurisdiction only, and if the decision on that issue should sustain the jurisdiction, then the cause should be tried on the merits at a later date.

The Government filed a motion to dismiss on the ground that there had been no disagreement between the parties as contemplated by section 19 of the World War Veterans' Act as amended July 3, 1930, 38 U.S.C.A. § 445. In support of this motion it relied on the facts: That the insured filed a claim in the Bureau for the benefits of insurance on July 2, 1931; that no denial of this claim had ever been made by the Director or administrator of the United States Veterans' Administration or anyone designated by him to deny claims in his behalf; that the present suit was filed on July 1, 1931.

There was no dispute as to the facts on the issue of jurisdiction. Decedent was awarded and paid monthly benefits on account of his alleged total, permanent disability beginning October 25, 1919. These payments were continued until January 25, 1922. On February 24, 1922, the award was terminated by the Director of the United States Veterans' Bureau. On June 30, 1931, the insured, by letter to the Insurance Claims Council of the Veterans' Bureau, made claim for benefits from October 25, 1919, to that date, less the monthly installments already paid by the Bureau. He stated in his letter that he made his application on the ground of his total and permanent disability at and ever since that date (October 25, 1919) and requested that if the claim were disallowed, it be forwarded on appeal to the Administrator of Veterans' Affairs for his ultimate decision on it. This letter was received July 2, 1931. On the preceding day, July 1, the present suit was filed for benefits due from October 25, 1919, to June 25, 1931, less the installments already paid.

Under section 19 of the World War Veterans' Act as amended July 3, 1930, a claim in writing and a denial of that claim by the director or someone acting in his name on an appeal to him are jurisdictional prerequisites to the filing of a suit for benefits under a policy of war risk insurance. Appellant contends that the fact that total, permanent disability benefits were paid under the policy to her decedent for a period from October, 1919, to January, 1922, is of itself proof that he filed a sufficient claim for such benefits, and that the subsequent discontinuance of such payments is proof of the necessary disagreement as to the claim. We quote from appellant's brief: "There being no evidence to the contrary, the award and payment of benefits was sufficient evidence to justify a presumption that the veteran had filed a claim therefor. * * * It should likewise be presumed that the Director's denial of the claim and termination of the award was in writing, because, from the nature of the thing, the payments could not have been stopped without written directions to that effect." We have no right to indulge in any such presumptions where the facts we are thus asked to presume are conditions precedent to the right of the claimant to maintain the suit. In the petition filed by decedent to start the suit, the only reference to the claim and disagreement are contained in the following paragraph:

"5. That the plaintiff made due proof of said disability to the defendant and demanded payment of the aforesaid amounts and his claim was allowed by the defendant and its agents in that behalf, the Unit-

ed States Veterans Bureau, and monthly installments of said insurance at the rate of * * * were paid * * * until the 25th day of May, 1923. Whereupon the defendant and its agents in that behalf, * * * disagreed with the plaintiff as to his claim for said disability and decided that the plaintiff was no longer totally and permanently disabled and no longer entitled to payment * * * and have wholly failed and refused to pay the said sums of money. * * *"

We do not agree with appellant that her decedent's original claim may constitute the basis for the disagreement here alleged to exist. This claim was acted upon by the Bureau favorably to him. Payments were made under it for a period of years. There certainly seems to have been no disagreement in 1919 as to his right to collect benefits. The reason for the subsequent discontinuance of those payments does not appear in the record. No action was taken by the insured when those payments were stopped, and no claim filed until the letter of June 30, 1931, received by the Bureau on July 2, 1931. We think it was necessary for decedent to file this new claim in order to bring his case before the Director, and that a disagreement arising out of this claim was necessary before the court could assume jurisdiction over it. The disagreement could not be presumed from the mere fact of the discontinuance of payments. The same argument was made in Smith v. United States (D.C.) 56 F.(2d) 636, 638. There the court said:

"The real difficulty presented by the record in the case at bar is the fact that the claim now presented to the court for adjudication, that is, the claim that the stopping of the payment on the insurance policy was unwarranted and arbitrary and that a disagreement thereby exists, has never in fact been presented to the Bureau, and consequently no jurisdiction to pass on this question is shown by the pleadings in this case."

Appellant argues that appellee is precluded from raising the question in this court of the absence of a claim in writing and a disagreement on that claim because it failed to raise that question before the trial court. It appears from the bill of exceptions that the only evidence introduced by decedent was an admission by the parties that the insured was awarded monthly benefits upon his contract on account of his alleged total and permanent disability, received twenty-eight installments of such benefits, after which the award was terminated. We think such evidence was not sufficient to sustain the jurisdiction of the court, and that the offer by the Government of the letter of June 30, 1931, to meet such evidence does not preclude it from denying in this court the availability of the original claim alleged to have been filed prior to the awarding of benefits in October, 1919.

Appellant relies upon the reversal of the case of United States v. Earwood (C.C.A.) 71 F.(2d) 507, by the Supreme Court, 294 U.S. 695, 55 S.Ct. 511, 79 L.Ed. 1233, as support for her proposition that a disagreement existing prior to the amendment of 1930, under the law as it then stood, constitutes a sufficient jurisdictional basis for suit commenced subsequent to July 3, 1930. This appears to be a fair interpretation of that decision of the Supreme Court which is based on an amendment of section 19 of the Veterans' Act as passed in January, 1935, 38 U.S.C.A. § 445c. This amendment is as follows:

"A denial of a claim for insurance by the Administrator of Veterans' Affairs or any employee or agency of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator shall constitute a disagreement for the purposes of section 19 of the World War Veterans' Act, 1924, as amended [section 445 of this title].

"This section is made effective as of July 3, 1930, and shall apply to all suits now pending [on January 28, 1935], against the United States under the provisions of section 19 of the World War Veterans' Act, 1924, as amended [section 445 of this title], and any suit which has been dismissed solely on the ground that a denial as described in this resolution [section] did not constitute a disagreement as defined by section 19 [section 445 of this title], may be reinstated within three months from January 28, 1935."

We do not agree that the facts here presented constituted a sufficient denial to furnish the basis for a suit prior to the 1930 amendment.

We find only one case in addition to the Smith Case, supra, in which the facts appear to be in any way analogous to

those of the case at bar. That case is United States v. Knoles (C.C.A.) 75 F.(2d) 557. There the insured had been found to be totally and permanently disabled from April, 1919, and awarded benefits from that date to December, 1921, when it was found that he was not totally and permanently disabled, and benefits were terminated and he was notified that he would have to pay premiums on his insurance. Such premiums were paid until 1925. Subsequently he filed suit claiming disability from and after April, 1919. The Government by its answer admitted that the claimant had made his demand, and that the defendant had disagreed with him as to his claim under the insurance. Thus by its answer the Government admitted the existence of the jurisdictional prerequisites and made it unnecessary for the court to decide whether the facts as pleaded by the claimant satisfied those prerequisites. Here, however, the Government has denied the existence of a disagreement, and the only evidence offered by the claimant to prove it is the fact of the discontinuance of benefits. The District Court was correct in its ruling that it had no jurisdiction, and that ruling is accordingly affirmed.