## SPANNER v. UNITED STATES.

### No. 4854.

District Court, D. Massachusetts.

May 24, 1937.

Leo M. Harlow, of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and William J. Hession, Area Atty., by John J. Cummings, Atty., Department of Justice, all of Boston, Mass., for the United States.

BREWSTER, District Judge.

This is a petition to enforce a policy of yearly renewable term insurance. The defendant has moved to dismiss the petition on the ground that there was no disagreement between the parties within the meaning of the World War Veterans' Act, as amended, 38 U.S.C.A. § 421 et seq. Such a disagreement is alleged. The motion, therefore, involves consideration of facts not appearing on the record.

The issue was informally presented without testimony or affidavits. The United States has submitted, with the approval of the plaintiff's attorney, documents from the case folder, from which these pertinent facts appear to be beyond dispute.

In 1917, the claimant applied for $10,-000 of war risk insurance. In 1921, he was rated as totally and permanently disabled from July 13, 1918, and installments due under the policy were paid until April, 1922, when they were discontinued, due to a revised rating of less than total and permanent disability. This decision was made by the Board of Appeals, and notice thereof was sent, on April 17, 1922, to the veteran. The policy lapsed for nonpayment of premiums May 1, 1922. On January 31, 1931, the insured submitted, in writing, a claim for insurance benefits in a letter reading as follows:

"Rutland Heights, January 31, 1931.
"The Administrator of Veterans Affairs,
   "Washington, D. C.

   "Re: Spanner, Irving
        "C-209,033
"Dear Sir:
   "In the above entitled case I claim an award of permanent and total rating for insurance purposes from a date prior to the lapse of my War Risk Insurance.
   "I ask for the adjudication of this matter by the proper adjudication board .of the Bureau, and if the decision is not favorable

I respectfully appeal the same to the Administrator of Veterans Affairs and request a disagreement if the decision is unfavorable.

"In the event of a disagreement it is my intention to bring suit.

"Yours respectfully,
"[Signed]    Irving Spanner
"Claimant."

On March 14, the Regional Adjudication Officer at Boston wrote the petitioner as follows:

"Boston, Massachusetts, March 14, 1931.
"E-21.67
"C-209,033

"Mr. Irving Spanner,
"U. S. Veterans' Hospital,
"Rutland Heights, Massachusetts.

"Dear Sir:
"This is to inform you  that your entire file, including the report from the Rutland Hospital, dated October 10th, 1930, has just been reviewed.  This review was conducted as a result of the claim that you have submitted for a Permanent and Total rating.

"In the opinion of the reviewing body a Permanent and Total rating is not justified in this case.  For this reason no change of status will at the present time be effected in the case and your Temporary Total payments now going forward will be continued without change.

"This decision may be considered by you as evidence of a disagreement between yourself and the U. S. Veterans' Bureau.

"All future correspondence relative to this case must bear the C-number and symbols appearing in  the  upper  right-hand corner of this communication.

"By direction,
"Neil J. Cronin,
"Regional Adjudication Officer,
"Boston, Massachusetts"

On April 16, 1931, the Acting Regional Director at Boston transferred the "case folder" to the Administrator of Veterans' Affairs for an appeal.  On June 1, 1931, the Insurance Claims Council gave a hearing to a representative of the claimant, at the conclusion of which hearing the council stated that they would review the case and advise all parties in interest.  Later, the claimant filed a statement of his claims for insurance on Form 579 revised to May 1, 1931.  This statement is not dated, but it appears to have been received by the Claims Department on July 1, and by the Veterans' Bureau at Boston on July 3, and forwarded to the Administrator of Veterans' Affairs at Washington July 15, 1931.  In the meantime, on July 2, 1931, this action was commenced and, so far as the records disclose, nothing further was ever done with the claim in the Veterans' Administration.

The question presented is whether, on this state of facts, the jurisdictional requirement of a disagreement has been satisfied. This essential prerequisite was defined in the amendment of July 3, 1930, to section 19 of the World War Veterans' Act (38 U.S.C.A. § 445), which provided that: "The term 'disagreement' means a denial of the claim by the Administrator of Veterans' Affairs or someone acting in his name on an appeal to the Administrator."  The amendment of 1930, according to congressional records, had for its purpose to compel a claimant to exhaust his remedies in the administrative bureau before bringing his case in a Federal court.  71st Congress, 2d Session, Senate Reports No. 885, Page 4; Mara v. United States (D.C.) 54 F.(2d) 397; Anderson v. United States (D.C.) 5 F.Supp. 269; Westling v. United States (C. C.A.) 64 F.(2d) 464.

If the case at bar were controlled by the statutes as they stood in 1931, there could be no doubt that no disagreement existed within the meaning of the term as defined by law.  Thelin v. United States (C.C.A.) 73 F.(2d) 101; Ginochio v. United States (C.C.A.) 74 F.(2d) 42; Eidam v. United States (C.C.A.) 74 F.(2d) 350; McLaughlin v. United States (C.C.A.) 74 F.(2d) 506.

The jurisdictional question, however, is materially affected by the retroactive provision of the Joint Resolution of January 28, 1935 (38 U.S.C.A. § 445c).  This resolution was made effective as of July 3, 1930, and applied to all suits pending on January 28, 1935.  It provided that: "A denial of a claim for insurance by the Administrator of Veterans' Affairs or any employee or agency of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator shall constitute a disagreement for the purposes of section 445 of this title."

Since the resolution of 1935, it is no longer deemed necessary for a claimant to pursue to a final conclusion his remedies before the Administrative Department in order to proceed in the court.  United States v. Earwood (C.C.A.) 71 F.(2d) 507, was a case of a denial by the Board of Appeal in the Veterans' Bureau, from

which no appeal was taken to the Administrator. The Circuit Court of Appeals affirmed the action of the lower court in dismissing the veteran's petition on the ground that no disagreement was shown, that court holding that the veteran must exercise his right of appeal and show a denial which was final in its effect. After the passage of the resolution, the Supreme Court granted certiorari and remanded the case for proceedings under the resolution. Earwood v. United States, 294 U.S. 695, 55 S.Ct. 511, 79 L.Ed. 1233.

It has been said that a fair interpretation of this action of the Supreme Court was that a disagreement which, prior to 1930, would have been sufficient to ground jurisdiction, would now be deemed sufficient. Egan v. United States (C.C.A.) 80 F.(2d) 404, 406.

█ The first question presented is whether, under the laws in force prior to July 3, 1930, the discontinuance of the installments of insurance in 1922 amounted to a disagreement which satisfied the statute. I am of the opinion that it does not, and this seems to be in accord with the adjudications in other districts. Egan v. United States, supra; Smith v. United States (D.C.) 56 F. (2d) 636.

█ It appears that until 1931 the petitioner acquiesced in the decision of the Board of Appeals. It became, therefore, necessary that he should present a subsequent claim to the installments accruing after 1922. This he did in his letter of January 31, 1931. If there has been a denial, it can only be found by giving that effect to the letter of the Regional Adjudication Officer of March 14, 1931. If we assume that the Regional Adjudication Officer was an employee or agency of the Veterans' Administration, designated by the Administrator to deny claims for insurance, the question remains whether the action of the Bureau, in proceeding upon the claimant's request for appeal, and the part which he took in these appellate proceedings, nullified the denial so that it would not serve to sustain a suit under the laws in force prior to July 3, 1930.

There are cases which intimate that an appeal annuls a former denial. Anderson v. United States, supra, 5 F.Supp. 269, at page 272; Hansen v. United States (C.C. A.) 67 F.(2d) 613, 614.

In the Anderson Case, suit was brought after July 3, 1930. The Hansen Case, however, was one dealing with an action brought prior to that date, but it does not appear that the Veterans' Bureau had written the veteran that he might accept the rejection of his claim as evidence of denial for the purpose of bringing suit. In that case there was a strong dissenting opinion by Judge Barnes who, in my opinion, reaches the better conclusion.

Prior to the 1930 amendment, the Bureau and the courts generally held that the claimant could bring his action in the District Court without taking an appeal and, as already stated, the Supreme Court, in applying the resolution of 1935 in the case of Earwood v. United States, supra, reached the same conclusion respecting suits brought subsequent to 1930. I am inclined to the opinion that if a veteran could elect between an appeal and an action in the courts after a denial, he would not lose his right to do so merely because the Bureau had seen fit to subsequently consider the case.

The petitioner did nothing toward pressing an appeal after his suit was brought and, so far as the record discloses, the Bureau did not proceed after that date. It would appear that both the veteran and the Bureau proceeded on the assumption that the claimant had elected to abandon his appeal and to assert his rights in this court. The letter of March 14 advises this petitioner that he might treat the decision reached by the reviewing body as evidence of a disagreement, and I am reluctant to hold that he has lost his rights to proceed with this suit merely because the Bureau considered his case after March 14.

I will assume, for the purposes of the case, that the Regional Adjudication Officer who wrote the letter of March 14 was competent to act on behalf of the Bureau, and that his act came within the 1935 amendment. There has not appeared, in the evidence before me, any regulations from which I can determine just the functions or authority of the Regional Adjudication Officer. It is clear that he presumed to speak for the Bureau in communicating the decision of the reviewing body and in assuring the petitioner that the decision might be regarded as a disagreement within the meaning of the applicable statute.

It may be that when the case is tried on the merits, it will be possible for this matter of authority to be definitely determined; in any event, in the present stage of the proceedings that question should be left open, and I am, therefore, denying defend-

ant's motion to dismiss without prejudice to renew at some later stage in the proceedings.