## EDMUNDS v. UNITED STATES.

District Court, D. Oregon.
Sept. 6, 1938.

Francis E. Marsh, of McMinnville, Or., for plaintiff.

G. J. Meindl, of Portland, Or., for the United States.

JAMES ALGER FEE, District Judge.

An action upon a policy of War Risk insurance was commenced on the 23rd day of April, 1936. It was alleged in the complaint and admitted by answer that plaintiff in the instant case recovered judgment against the United States upon the same policy on December 15, 1931, and plaintiff thereby was adjudged to have been permanently and totally disabled on March 1, 1919. It was alleged and admitted that the United States paid installments upon the policy up to July 31, 1934, and on that date the Veterans Administration found plaintiff had regained the ability to follow continuously a substantially gainful occupation and was no longer totally and permanently disabled for insurance purposes.

Plaintiff alleged permanent and total disability as of July 31, 1934, which the United States denied. The cause was tried before a jury and verdict was for the plaintiff.

The United States has moved for a new trial.

■ Some incidental matters will be disposed of in the first instance. The court permitted the government to introduce documents relating to an examination of the veteran by several government doctors through one of the number and then attempted to cut off the cross examination of this witness upon these same records on the ground that the witness was required to give his opinion upon the opinions of other experts. The government had also asked a question regarding his opinion upon like records. If this was error, it was, therefore, induced by the government and is harmless. If such records can be introduced as official documents, then any expert should be permitted to give his opinion thereon since the physician who made the original report is not produced for cross examination. A similar situation was commented upon by the court in the opinion denying new trial in the case of Aspinwall v. United States. The judgment in that cause was affirmed although no comment was made on this alleged error. See United States v. Aspinwall, 9 Cir., 96 F.2d 867. However, it was raised and argued upon appeal.

■ The requested instruction that arrested or quiescent pulmonary tuberculosis is not a permanent or total disability was a request for a comment of fact by the court. It did not state a proposition of law. The court denied the request because the court did not consider the comment applicable upon the proven facts. In this case the disability alleged and proven was the result of several diseases and conditions.

■ The court refused to receive evidence in part relating to the amount of compensation drawn by the veteran. Such matters are only remotely relevant upon the question of whether the veteran was permanently and totally disabled. The administrative convenience dictated that the court should exclude it. The court admitted other evidence as to the amount the veteran had previously received upon his policy and instructed fully upon the possibility that the financial circumstances of the veteran might have destroyed, his will to work, rather than a permanent and total disability, his ability to work.

■ The court placed the burden of proof upon the plaintiff to show permanent and total disability upon July 31, 1934. See United States v. Carl Knoles, 8 Cir., 75 F.2d 557. There was competent and convincing evidence that the plaintiff was so disabled. The question was one for the jury. The court, therefore, properly denied a motion for a directed verdict.

The other points raised may be decided together. It is alleged as error that the court refused to admit testimony as to the work record of plaintiff prior to 1930 and instructed the jury that if his condition was the same at the date of the trial of the instant cause, as it was on December 15, 1931, a verdict should be returned for plaintiff. The converse of this proposition was also requested as an instruction and refused. It must be remembered, however, that the court coupled these with other instructions which required plaintiff to establish permanent total disability on July 31, 1934, and continuing to the date of trial in the instant case.

The court did not instruct that any inference could be drawn from the fact that the Veterans Administration paid benefits

to the plaintiff up to July 31, 1934, nor that such payments were conclusive upon the question of permanent and total disability up to the date when payments ceased. It may be that such an instruction would have been erroneous. United States v. Carl Knoles, supra.

The present judgment is declaratory in its nature. No installment was due under the contract as of July 31, 1934. The specific adjudication was that plaintiff was on the 31st day of July, 1934, permanently and totally disabled and that he had in full force and effect at said time a policy of war risk insurance in the sum of $10,000. No question has been raised as to this judgment either in substance or form. The court did not enter judgment for future installments upon the policy. Therefore, the decisions in the cases of United States v. Worley, 281 U.S. 339, 50 S.Ct. 291, 74 L.Ed. 887; Jackson v. United States, 281 U. S. 344, 345, 50 S.Ct. 294, 74 L.Ed. 891, and United States v. Lyke, 9 Cir., 19 F.2d 876, are beside the point.

It is admitted by the pleadings in this cause that the former judgment which was entered December 15, 1931, established that plaintiff was totally and permanently disabled on March 1, 1919, at which date the policy was found to have been in effect.

■ The court held by the instructions and the rulings upon the work record prior to 1930 that the United States was precluded from denying total and permanent disability of the plaintiff up to the time of trial in 1931. The plaintiff did not set up the former judgment as res adjudicata, technically speaking, but used it as an estoppel against the United States. The present cause was between the same parties as the former. The government by consenting to suit placed itself in the same situation as a private litigant as far as the doctrine of estoppel by judgment is concerned. Any fact or state of facts necessary to found the former judgment, whether actually litigated or not, is conclusively established between the parties. Cromwell v. County of Sac, 94 U.S. 351, 353, 24 L. Ed. 195; Werlein v. New Orleans, 177 U.S. 390, 399, 400, 20 S.Ct. 682, 44 L.Ed. 817; Bates v. Bodie, 245 U.S. 520, 526, 38 S.Ct. 182, 62 L.Ed. 444, L.R.A.1918C, 355.

■ A condition of permanent and total disability shown not only to have existed during the life of the policy but continuing to the date of trial is an indispensable foundation stone for a judgment upon a war risk insurance policy. United States v. McCreary, 9 Cir., 61 F.2d 804, 808; Personius v. United States, 9 Cir., 65 F.2d 646; United States v. Jorgensen, 9 Cir., 66 F.2d 292, 293; United States v. Hansen, 9 Cir., 70 F.2d 230, 231; Corrigan v. United States, 9 Cir., 82 F.2d 106, 108, 109; Parrigan v. United States, D.C. E.D.Ky., 6 F.Supp. 333, 338. In Personius v. United States, supra, an action was dismissed because plaintiff, while he alleged he became permanently and totally disabled during the life of the policy, also set up a date prior to the date of filing the complaint, as a terminal of such disability. On similar reasoning, an inconsistent work record long subsequent to the incidence of alleged permanent and total disability has been held conclusive against a plaintiff. United States v. Jorgensen, supra; United States v. Hansen, supra.

It would be inconsistent to hold a plaintiff permanently and totally disabled on March 1, 1919, if there was before the court evidence that such a condition no longer existed at date of trial. It has, therefore, been almost uniform practice of trial judges to so instruct in these cases. In the instant trial, the court clearly told the jury that the condition of total and permanent disability must not only be found to have existed upon July 31, 1934, but that it continued to the "present time".

It is true that the United States could probably have forced the veteran to file supplemental complaints or to file separate actions for each of the installments falling due after the filing of the complaint in the first action. But as was said by the Supreme Court of the United States:

"Undoubtedly, when one's right to recover is established by judgment, the Veterans' Bureau will pay him installments maturing in his favor after the commencement of the action." United States v. Worley, supra, 50 S.Ct. page 292.

In other words, the right was established at least up to the date of judgment, and any court would be bound to find the previously adjudicated fact conclusively established. It is admitted in the present case that the Veterans' Bureau did follow that injunction as to the first judgment.

■ The fact of permanent and total disability on December 15, 1931, was then conclusively established against the United States, and the court committed no error in refusing to allow the government to relitigate the work record before 1930 or in in-

structing that if the jury found the condition of plaintiff was the same at the date of the second trial as it had been on December 15, 1931, the plaintiff could recover.

The court might have instructed that the condition which existed in 1931 was presumed to continue until the contrary was shown. But the court did not go that far.

The motion for new trial is denied.