### COUNTEE v. UNITED STATES.
### No. 7129.

Circuit Court of Appeals, Seventh Circuit.
May 21, 1940.

---

Edward H. S. Martin, of Chicago, Ill., for appellant.

William J. Campbell, U. S. Atty., of Chicago, Ill., and Julius C. Martin, Director, Bureau of War Risk Litigation, Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Keith L. Seegmiller, Atty., Department of Justice, all of Washington, D. C., for appellee.

Before EVANS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

Plaintiff-appellant appeals from a judgment adverse to him in a suit to recover insurance benefits under a war risk term insurance policy.

Plaintiff had filed a previous suit under his war risk insurance policy in which he sought to establish that he had been totally and permanently disabled from and after November 23, 1918. He was awarded a judgment for total and permanent disability benefits from November 23, 1918, to the date of judgment, July 9, 1928. This judgment was satisfied and thereafter the United States Government continued to pay monthly disability benefits until July 23, 1933, when such payments were discontinued on the basis of a determination by the Administrator of Veterans' Affairs that plaintiff was not totally and permanently

disabled. In the instant suit plaintiff seeks to recover for unpaid disability benefits from and after July 23, 1933.

Defendant did not deny that plaintiff was totally and permanently disabled to and including July 22, 1933. And it is not questioned that the period for which benefits were paid included August 22, 1933. The court instructed the jury as follows: "The issue in this case is: Was Thomas Countee on August 22, 1933, totally and permanently disabled?"

The District Court ruled that the burden of proof on such issue was on defendant and defendant was accorded the right to open and close. Following the trial of such issue a verdict was returned in favor of defendant.

At the trial below there was no evidence introduced by defendant to show that plaintiff's condition had changed since, or differed from his condition at, the time of the previous judgment; and there was no evidence to show the nature of the ailment, disease or injury which constituted the total and permanent disability which had been adjudicated to exist in the former trial. There was evidence, however, that plaintiff was suffering from a functional heart ailment and that such ailment did not constitute total and permanent disability; but there was no showing that the previous adjudication was, or was not, based on the very same heart ailment, or whether such ailment existed to a greater or less degree at the time of the present trial.

This appeal involves a question of the effect to be given to a previous judicial determination of the existence of total and permanent disability. The majority of the decisions on the question hold that a judicial determination of the existence of total and permanent disability does not preclude a later litigation of the question of the existence of total and permanent disability, although the general rule is that a fact once established judicially cannot later be shown to be erroneous by a party to the proceeding. Different reasons have been given to justify this apparent departure from the general rule, but it would seem that a valid distinction is found in the nature of the right created by insurance contracts, plus a judicial recognition that the term permanent is descriptive of the nature of the disability rather than a measure of the duration of the disability. It is an accepted fact that even expert judgment is not infallible on the question of permanent dis-

ability. Also, even the term total is used in a relative sense and not as an absolute statement of the physical condition of the disabled person. On the other hand, there must be a finding of fact that the disabled person's present physical ailment constitutes permanent and total disability in order to justify a judgment in favor of the disabled person. In our opinion a finding in favor of total and permanent disability and judgment thereon is a final adjudication, as between the parties, that the disabled person's present physical condition constitutes total and permanent disability; and as between the parties that is res adjudicata. It is not an adjudication that the disabled person's physical condition at all times in the future will constitute total and permanent disability. In the cases involving the question of total and permanent disability under war risk insurance policies there are involved at least two essential fact issues, namely, (1) was the claimant suffering from the ailment or injury at the time, or during the period, that the claimant alleges that total and permanent disability existed; and (2) did such ailment so impair the mind or body of the claimant as to render it impossible, under the circumstances, for the claimant to follow continuously any gainful occupation and was the impairment or injury of such a nature that it was reasonably certain to continue throughout the life of the claimant. If the finding in respect to the foregoing issue is in favor of the claimant, the parties are bound by the adjudication; and assuming the continuing existence of the ailment or injury, the government is bound by the adjudication that such ailment or injury constitutes total and permanent disability. But since there is no adjudication that the ailment or injury will continue to exist throughout the life of the claimant, it follows that the government is not precluded from obtaining a subsequent adjudication that the ailment or injury no longer exists. Unless the right of the government to a reopening of the question of total and permanent disability is thus limited, it would follow that the government may retry the former suit de novo and show that the earlier finding was erroneous and should have been otherwise, not because of any change in the adjudicated facts, but merely because the second trier of the facts makes a different appraisal of them. Under defendant's theory, if plaintiff's ailment had been exactly the same as it was shown to be in the first suit, and if the evidence adduced to establish the

ailment was the same in each suit on the question of whether such ailment constituted total and permanent disability, the jury, or trial judge, in the second action properly could review the correctness of the findings of fact in the first case.

In Edmunds v. United States [1] there was an action on a war risk insurance policy for disability benefits, and it was shown that plaintiff previously had recovered judgment for total and permanent disability benefits. The opinion which is reported was delivered in connection with the overruling of a motion for a new trial. It appears from the opinion that the court instructed the jury that if it found that the condition of plaintiff was the same at the date of the second trial as it had been on the date of judgment in the first trial, the plaintiff was entitled to recover. Also, the court stated that it "might have instructed that the condition which existed in 1931 was presumed to continue until the contrary was shown."

▇▇ In Kontovich v. United States [2] the Circuit Court of Appeals for the Sixth Circuit recognized the authority of the Administrator of Veterans' Affairs to determine that total and permanent disability had ceased subsequently to an adjudication of total and permanent disability; but the court further stated that such a determination was not binding on a court and that, inasmuch as the court in the event of disagreement is required to determine the facts according to the rules of evidence which control it, a court would, in a trial, "give full weight to the presumption of total and permanent disability as previously judicially determined, and place upon the Administrator the burden of proof to show subsequent changes in the physical condition of the assured."

We approve the foregoing statement which, in our opinion, emphasizes the significant question involved in a second trial of this kind and clearly indicates the duty of the Administrator. The Administrator must show a change in the physical condition, and must overcome "the presumption of total permanent disability as previously judicially determined." The Administrator cannot relitigate the factual issues of the previous trial and his defense must be, in substance, the affirmative defense that claimant has recovered from the physical condition which has been adjudicated to constitute total and permanent disability. The burden of establishing this affirmative defense is upon the Administrator.

▇▇ In United States v. Knoles [3] the claimant had been determined to be totally and permanently disabled under an administrative award. Later there was an administrative determination that the claimant was not totally and permanently disabled. Plaintiff filed suit and the trial court tried the cause on the assumption that the government had the burden of proof. Upon appeal to the Circuit Court of Appeals that court held that the burden of proof was upon the claimant to prove that he was totally and permanently disabled without regard to administrative rulings on such subject. We agree with the foregoing since the War Risk Insurance Act contains no provision which purports to give administrative findings any special force in subsequent judicial proceedings.

In view of what we have said we conclude that the District Court correctly held that the burden of proof was upon the defendant. But the vital question was the extent of plaintiff's recovery from the ailment which had been adjudicated to constitute total and permanent disability; and the burden of proof was upon the defendant to show what changes had taken place in plaintiff's condition. There was no evidence introduced which could be construed as tending to show that plaintiff's condition had changed or was in any respect different from his condition at the trial of the previous suit; and there was no evidence to show the nature of the ailment, disease or disability from which plaintiff was then suffering. There was evidence tending to show that plaintiff now had a functional heart ailment and that such an ailment was not totally and permanently disabling; but there was no evidence to show whether in the first trial the finding of the existence of total and permanent disability was based upon the same heart ailment. In short, the record contains no evidence from which the jury could have found that plaintiff's physical condition, which had been adjudicated to constitute total and permanent disability, had so changed that plaintiff had ceased to be totally and permanently disabled. There was a lack of evidence to sustain the verdict; and plaintiff's motion to set aside

---

[1] D.C., 24 F.Supp. 742, 745. Appeal dismissed on stipulation, 9 Cir., 101 F. 2d 1021.

[2] 99 F.2d 661, 665.
[3] 8 Cir., 75 F.2d 557.

the verdict and grant a new trial should have been granted.

 Plaintiff assigns as error the overruling of his motion to strike an answer of the defendant which was filed in response to plaintiff's written request for admission of certain facts. Rule 36(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The information was being sought by plaintiff for use in a pretrial conference and plaintiff's motion to strike was based on the fact that the answer was not filed within the time allowed by the rule. There is no indication of a lack of good faith on the part of the defendant and no prejudice was caused to plaintiff. The defendant had filed one answer within the time fixed by the rule and upon plaintiff's objection at a subsequent pre-trial conference the court had granted an extension of time to the defendant to file another answer. The procedure was not strictly in accord with the rules but in view of the good faith of the defendant and the lack of any prejudice to the plaintiff the trial court did not err in overruling plaintiff's motion to strike the answer.

 Plaintiff also urges as reversible error the action of the trial court in granting defendant's motion to require plaintiff to submit to a physical examination. It is contended that the granting of such motion violated plaintiff's substantive right of privacy and also violated plaintiff's constitutional rights under the 4th, 5th, and 13th Articles of the Amendment of United States Constitution. Since the District Court acted under the authority of Rule 35(a) of the New Rules of Civil Procedure for the District Courts, the plaintiff's contention is in effect that the rule is unconstitutional. In view of Camden, etc., Ry. Co. v. Stetson,[4] we think it is clear that such a rule of evidence prescribed by an Act of Congress would be constitutional; and we are of the further opinion that the Act of Congress which authorized the Supreme Court to adopt and promulgate the Rules of Civil Procedure conferred the power to adopt the rule in question. The Supreme Court in the foregoing case considered a state statute which authorized a "surgical examination." The Supreme Court recognized that there was no law of the United States which authorized federal courts to order a physical examination. But the Supreme Court stated that there was a law of the United States which applied the laws of the state where the United States Courts sat, and added that "where the state has a law which provides for the making of an order for the examination of the person of the plaintiff in a case like this, the law of the United States applies that law to cases of such a nature on trial in Federal courts sitting in that state." The Court further stated that it was of the opinion that a claim that the statute violated the Federal Constitution would have no foundation.[5]

We are of the opinion that the order of the District Court made in conformity to the rule in question did not violate any constitutional right of the plaintiff.

The judgment of the District Court is reversed and the cause remanded with directions to sustain plaintiff's motion to set aside the verdict and grant a new trial and for further proceedings not inconsistent with this opinion.

Judgment reversed.

---

[4] 177 U.S. 172, 175, 20 S.Ct. 617, 619, 44 L.Ed. 721.

[5] See also discussion in the opinion in Sibbach v. Wilson & Co., 7 Cir., 108 F.2d 415.