ANDERSON v. UNITED STATES.

No. 7764.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 17, 1941.

Decided Feb. 19, 1942.

[6] Cf. Brooks v. Laurent, 5 Cir., 98 F. 647, 652.

Keith L. Seegmiller, of Washington, D. C. (Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., Julius C. Martin, Director, Bureau of War Risk Litigation, and Wilbur C. Pickett, Atty., Department of Justice, both of Washington, D. C., on the brief), for appellant.

Martin E. Cusick, of Sharon, Pa., for appellee.

Before CLARK, JONES, and GOODRICH, Circuit Judges.

CLARK, Circuit Judge.

Plaintiff is a veteran of the First World War. He is insured against total permanent disability under the War Risk Insurance Act.[1] In a prior action under this contract,[2] a jury found that he became totally permanently disabled on April 5, 1919 and that the disability continued until the date of entry of judgment, April 11, 1929. Later, acting pursuant to an authorized[3] regulation,[4] the Administrator of Veterans' Affairs ordered the monthly payments halted July 4, 1934. because he found that total disability had ended. On December 10, 1934 plaintiff-veteran brought an action to recover disability which accrued subsequent to July 4, 1934. The jury brought in a verdict for the plaintiff and the Government now appeals. It alleges as error that portion of the charge to the jury relating to burden of proof. The learned District Judge instructed as follows: "The burden of proof here is upon the Government to satisfy you by its fair weight that from July 4, 1934, to the present time, the plaintiff, Charles Anderson, was not permanently and totally disabled. * * * The condition of the plaintiff prior to July 4, 1934, is presumed to continue until the defendant satisfies the burden of establishing that it is not. * * * The burden is upon the defendant to show a change in the physical condition of the plaintiff prior to July 4, 1934 and by the fair preponderance of the evidence must overcome the presumption of total and permanent disability, as judicially determined in this court prior to July 4, 1934. * * * The defendant must establish by the fair preponderance of the evidence that the plaintiff, Charles Anderson, has recovered from the condition which prior to July 4, 1934, had been adjudged to constitute total and permanent disability. * * *" Appellant's Appendix, pp. 9, 10, 12, and 13.

It is agreed that in the absence of the prior judgment of April 11, 1929 the burden would be upon the insured to establish by substantial evidence that his disability was total and that it was reasonably certain that such impairment would continue throughout his life.[5] The Government contends that the prior adjudication can in no way shift this burden of proof from the insured. The basis for the argument rests on precedents holding that a verdict of present total disability will not justify the entry of

---

[1] § 400, War Risk Insurance Act of October 6, 1917, 40 Stat. 409.

[2] "The United States of America * * hereby insures * * * Charles Anderson * * * for the principal amount of $10,000, converted into monthly installments of $57.50 (the equivalent when paid for 240 months, of the sum insured, on the basis of interest at the rate of 3½ percent per annum) payable—

"To the insured, if he (she), while this insurance is in force, shall become totally and permanently disabled commencing with such disability as established by the award of the director of the bureau and continuing during such disability; * * *" Bureau of War Risk Insurance, Bull. No. 1, Regs. and Procedure, U. S. Veterans' Bureau, p. 1235 (name of plaintiff inserted).

[3] By statute, 38 U.S.C.A. § 426.

[4] "Any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed * * * to be total disability.

"Total disability shall be deemed to be permanent whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it. Whenever it shall be established that any person to whom any installment of insurance has been paid as provided in Article IV on the ground that the insured has become totally and permanently disabled, has recovered the ability to continuously follow any substantially gainful occupation, the payment of installments of insurance shall be discontinued forthwith and no further installments thereof shall be paid so long as such recovered ability shall continue."

Treasury Decision 20, Regulations and Procedure, United States Veterans' Bureau, p. 9.

[5] Knapp v. United States, 7 Cir., 110 F.2d 420; United States v. Brewer, 5 Cir., 97 F.2d 899; United States v. Rakich, 8 Cir., 90 F.2d 137.

judgment for installments to accrue in the future[6] and that a verdict may not be used as res judicata in a subsequent action for future installments.[7] From these rulings the Government would draw the conclusion that the prior judgment can be given no future effect at all. This conclusion, however, is too broad. While a verdict permitting recovery under the War Risk Insurance Act cannot settle the question of future disability, it must contain a finding that the presently existing disability has a reasonable certainty of continuing.[8] This finding cannot be ignored in future controversies. From it is born a presumption based upon the reasonable certainty of the continuance of the condition.[9]

Professors Thayer[10] and Wigmore[11] have asserted that a presumption may never shift the burden of proof. It is their position that a presumption may alter the burden of going forward with the evidence but it can have no effect upon the burden of persuasion. Dazzled perhaps by the scholarship of these gentlemen, other commentators have accepted their views.[12] A reconciliation of decisions which refused to follow the pattern has even been attempted by arguing that presumptions which do result in a shifting of the burden of proof are not "true presumptions." [13]

A few commentators, however, have undertaken an independent analysis of the authorities.[14] It is their conclusion that the effect of a presumption is to be measured by the reasons for its use. The presumption which concerns us here is that of persistency in time. Professor Wigmore states its logic in this manner:

"When the existence of an object, condition, quality, or tendency at a given time is in issue, the *prior existence* of it is in human experience some indication of its probable persistence or continuance *at a later period.*

"The degree of probability of this continuance depends on the chances of intervening circumstances having occurred to bring the existence to an end. The possibility of such circumstances will depend almost entirely on the nature of the specific thing whose existence is in issue and the particular circumstances affecting it in the case in hand. That a soap-bubble was in existence half-an hour ago affords no inference at all that it is in existence now; that Mt. Everest was in existence ten years ago is strong evidence that it exists yet; whether the fact of a tree's existence a year ago will indicate its continued existence to-day will vary according to the nature of the tree and the conditions of life in the region. So far, then, as the interval of time is concerned, no

---

[6] United States v. Worley, 281 U.S. 339, 50 S.Ct. 291, 74 L.Ed. 887; Jackson v. United States, 281 U.S. 344, 50 S.Ct. 294, 74 L.Ed. 891.

[7] Prudential Insurance Co. v. Zorger, 7 Cir., 86 F.2d 446, 108 A.L.R. 498. See Judgment in action on accident or health policy as res judicata or estoppel in subsequent action involving same accident or sickness. 70 A.L.R. 1457; Judgment as res judicata as to whether insured is "permanently disabled" within contemplation of insurance policy, 108 A.L.R. 504.

[8] "Total disability shall be deemed to be permanent whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it." Treasury Regulations and Procedure United States Veterans' Bureau, p. 9. See authorities cited supra in footnote 5 and Personius v. United States, 9 Cir., 65 F. 2d 646.

[9] See 20 Amer. Juris., Evidence, §§ 207–209; 22 C.J., Evidence, §§ 28 et seq.

[10] Thayer, Preliminary Treatise on the Law of Evidence (1898) 365, 379, 383, 384.

[11] 9 Wigmore on Evidence, 3d Ed., §§ 2487–2491.

[12] Chamberlayne, Handbook on Evidence, § 395; Richardson on Evidence, 5th Ed., § 172; McKelvey on Evidence, 4th Ed., § 38; Presumptions and Burden of Proof, 65 United States Law Review 426; Evidence—Presumptions—Burden of Proof—Instructions to Jury with Regard To—Probative Weight of Presumption, 24 Minnesota Law Review 651.

[13] See Evidence—Presumptions and Burden of Proof in Regard to Legitimacy, 39 Harvard Law Review 777.

[14] Bohlen, The Effect of Rebuttable Presumptions of Law Upon The Burden of Proof, 68 University of Pennsylvania Law Review 307, reprinted in Bohlen, Studies in the Law of Torts, 636; Ray, Burden of Proof and Presumptions, 13 Texas Law Review 33; Morgan, Some Observations Concerning Presumptions, 44 Harvard Law Review 906; Morgan, Instructing the Jury Upon Presumptions and Burden of Proof, 47 Harvard Law Review 59; Morgan, Presumptions, 12 Washington Law Review 255.

fixed rule can be laid down; the nature of the thing and the circumstances of the particular case must control."

2 Wigmore on Evidence, 3d Ed., § 437, p. 413.

But logic is not the sole basis for the presumption. Public policy also lends its support. Absent the presumption, the Government's power would be supreme. It could cut off the disability payments as frequently as it desired, and so cast upon the unfortunate insured the burden of proving his disability on each occasion. Where a presumption is based upon both the balance of probabilities and considerations of policy it should shift the burden of proof.[15] As Professor Morgan has said:

"A great number of recognized presumptions express the normal balance of probability. * * * The party against whom the presumption operates is relying upon the existence of the unusual, and this might well require him to make it appear more probable than not; this is, to produce a preponderance of evidence. In the absence of other factors pertinent to the allocation of the burden of persuasion, why should not the trier whose mind is in equilibrium be required to find for the usual rather than the unusual? * * *

"The conclusion, then, is that the oft-repeated formulæ of the courts respecting presumptions should be scrapped, and presumptions should be classified according to the reasons which justify their creation and existence. Those reasons should determine their procedural consequence. The narrowest class would consist of those expressing a mere balance of probability and containing some counteracting elements of inconvenience or policy. These should require only the production of evidence sufficient to avoid a directed verdict. All others should fix at least the burden of producing evidence actually credited by the jury which would justify a reasonable jury in finding against the presumption. The following classes should determine the burden of persuasion also: (1) those expressing the balance of probability and containing no elements of inconvenience or policy which, aside from the presumption, would normally fix the burden of persuasion on the other side. (2) Those founded upon considerations of comparative convenience in producing evidence and involving no countervailing considerations of policy. (3) Those created to further a result judicially deemed socially desirable. (4) Those supported by two or more of the foregoing considerations."

Morgan, Some Observations Concerning Presumptions, 44 Harvard Law Review 906, 929–932.

The cited decisions are in accord[16] although it is only fair to say that they do not give us the benefit of much reasoning.

The judgment of the District Court is affirmed.

---

15 In Commercial Molasses Corp. v. New York Tank Barge Corp., November 17, 1941, 314 U.S. 104, 62 S.Ct. 156, 86 L.Ed. —, the Supreme Court was concerned with a presumption based solely upon convenience.

16 Kontovich v. United States, 6 Cir., 99 F.2d 661; Countee v. United States, 7 Cir., 112 F.2d 447; Equitable Life Assur. Soc. of United States v. Bagley, 192 Ark. 749, 94 S.W.2d 722. See Edmunds v. United States, D.C., 24 F.Supp. 742, 745.