## DOBBINS v. UNITED STATES.
### No. 1523.

Circuit Court of Appeals, Tenth Circuit.
June 15, 1937.

Henry E. Martz, of Topeka, Kan. (M. Ralph Brown, of Albuquerque, N. M., on the brief), for appellant.

Keith L. Seegmiller, of Washington, D. C. (Julius C. Martin and Wilbur C. Pickett, both of Washington, D. C., Wm. J. Barker, of Santa Fé, N. M., and Gilberto Espinosa, of Albuquerque, N. M., on the brief), for the United States.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

A policy of War Risk term insurance was issued to Dobbins. On July 1, 1927, he converted it to a convertible five year term policy. On July 1, 1932, he converted it to a whole life policy.

Dobbins duly filed a claim for total and permanent disability benefits with the Veterans' Bureau on June 12, 1934. The claim was denied July 30, 1935.

On July 13, 1936, Dobbins brought this action on the whole life policy to recover total and permanent disability benefits.

The case was tried to a jury on November 12, 1936. Dobbins paid premiums to the date of the trial.

The evidence introduced by Dobbins was as follows:

Dr. Stewart testified that he made an examination of Dobbins in September, 1935 and in June, 1936; that he diagnosed his case in 1935 as beginning multiple sclerosis and in 1936 as advanced and active multiple sclerosis. He stated Dobbins had a tremor in his arms, head, neck, and face muscles and also a tremor of the lower extremities which was less noticeable; that he had a nystagmus, a series of jerking movements of the eye, and an abdominal and cremasteric reflex; that Dobbins was definitely sub-standard as far as muscular capacity was concerned and had an easy fatigue ability; that multiple sclerosis is a progressive disease and is incurable. He further stated that Dobbins could not hold a position where he had to be under a tension; that he could not be a night watchman, take coupons on a street car, or sell from door to door.

Dr. Johns examined Dobbins on June 29, 1936 and Dr. Ballinger examined him on November 6th, 7th and 9th, 1936. These examinations disclosed the same symptoms as the examination of Dr. Stewart and the diagnosis of each doctor was multiple sclerosis.

No further testimony was offered by Dobbins and the Government thereupon interposed a motion for a directed verdict on the ground "that the plaintiff has failed to show that he is permanently and totally disabled at this time or has been since the time that he filed his claim."

The court, in ruling on this motion, said:

"The doctor himself testified he was in full mental faculties, both physical and also mental, except he tires quite a bit. I think this suit has been brought prematurely, and when the jury comes back I will so instruct."

Counsel for the Government now contend that no substantial evidence was introduced which showed Dobbins to be totally and permanently disabled on or prior to the date of disagreement.

Counsel for Dobbins contends that since the policy was still in force at the time of trial, he was entitled to recover disability benefits if he proved total and permanent disability at the time of trial or prior thereto and that the evidence introduced was sufficient not only to establish total and permanent disability at the time of trial but also at the time the disagreement arose.

Unquestionably, the cause was tried below on the theory that proof of total and permanent disability on or prior to the date of trial would entitle Dobbins to recover and the court, in directing a verdict, not only passed on the sufficiency of the evidence at and prior to the date of disagreement, but at the time of trial as well.

■ Although policies of war risk insurance are contractual obligations of the government, suit thereon can only be brought with its consent.

This court, in McLaughlin v. United States, 74 F.(2d) 506, at page 507, said:

"War risk insurance policies are contractual obligations of the government, yet they confer no right of action on the insured or his beneficiary independently of the sovereign will. The rule that the United States may not be sued without its consent is all embracing. Lynch v. United States, 292 U.S. 571, 581, 54 S.Ct. 840, 78 L.Ed. 1434; United States v. Earwood (C.C.A.5) 71 F.(2d) 507."

See also Chavez v. U. S. (C.C.A.10) 74 F.(2d) 508; Mara v. U. S. (D.C.N.Y.) 54 F.(2d) 397, 399; Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434.

This consent to sue has been conferred by statute (38 U.S.C.A. § 445). However,

one of the conditions prescribed is that a disagreement must exist. See 38 U.S.C.A. § 445; McLaughlin v. U. S., supra; Chavez v. U. S., supra; U. S. v. Burleyson (C.C.A.9) 44 F.(2d) 502; Straw v. U. S. (C.C.A. 9) 62 F.(2d) 757; Berntsen v. U. S. (C.C.A. 9) 41 F.(2d) 663.

The purpose of requiring a disagreement was clearly expressed in Mara v. U. S., supra, as follows:

"This intentional and precise definition of the condition precedent to the jurisdiction of the United States District Courts in actions of this kind was clearly, therefore, to make it certain beyond peradventure that the possibility of administrative relief was exhausted before the veteran was allowed to bring his case before a judicial tribunal."

In U. S. v. Townsend (C.C.A.4) 81 F. (2d) 1013, 1014, the court said:

"The only purpose of requiring the filing of claim as a prerequisite to suit is to give notice to the government that claim is being made under the policy so that it may make investigation and pay any amount due claimant without being subjected to the trouble and expense of litigation."

See, also, McLaughlin v. U. S., supra.

■ In the instant case, the Veterans' Bureau was given the opportunity of investigating the claim of total and permanent disability, which was alleged to have had its beginning on or about August 20, 1932. Such claim was denied on July 30, 1935. On the latter date a disagreement arose and since the claim is a continuing one [U. S. v. Alberty (C.C.A.10) 63 F.(2d) 965] the Veterans' Bureau had before it, the question of Dobbins' total and permanent disability up to the date of denial. For that reason, the jurisdictional requirement was present and the issue of total and permanent disability on or prior to the date of denial was before the court.

■ However, there had not been presented to the Veterans' Bureau the question of Dobbins' total and permanent disability subsequent to the denial of the claim. If another claim was presented to the Bureau claiming total and permanent disability at a date later than July 30, 1935, such claim might be allowed and the Government saved the expense of litigation thereon. If the law were otherwise, it would be necessary in a case such as this, where the policy is continued in force by payment of premiums,

for the Government to keep in close touch with every policy holder in good standing and keep informed of his physical condition in order to avoid law suits. The law is otherwise. It places the burden on an insured to make a claim and when that claim is denied, gives him the right to establish his claim in an action on the policy.

It follows that the only proper issue before the trial court was whether substantial evidence was introduced to show that Dobbins was totally and permanently disabled on or prior to the date of the disagreement.

The testimony of Doctors Johns and Ballinger have no bearing on Dobbins' condition prior to June 29, 1936, which was the date of Dr. Johns' examination. Dr. Stewart's testimony deals with Dobbins' condition in September, 1935 which was after the date of the disagreement and he testified that at that time, he diagnosed the case as beginning multiple sclerosis. It is common knowledge that multiple sclerosis is not totally disabling in its first stages. Wilks v. U. S. (C.C.A.2) 65 F.(2d) 775.

It follows that no substantial evidence of total and permanent disability as of July 30, 1935 or prior thereto was introduced and the trial court was right in directing a verdict for the Government.

While the court properly directed a verdict, the judgment should have dismissed the action without prejudice to a claim of total and permanent disability after July 30, 1935. It is so modified and as modified, affirmed.