**MOORE et al. v. UNITED STATES.**

**No. 175 Civil.**

District Court, S. D. Iowa, Central Division.

June 11, 1942.

Harris M. Coggeshall, of Des Moines, Iowa, for plaintiff.

Maurice F. Donegan, U. S. Dist. Atty., of Davenport, Iowa, and Wm. R. Sheridan, Asst. U. S. Dist. Atty., of Keokuk, Iowa, for the Government.

DEWEY, District Judge.

The defendant has filed a motion to dismiss and same was argued and submitted. One of the grounds of the motion is that the claim presented does not arise from any express or implied agreement on the part of the United States to pay such a claim.

Plaintiffs assert that they are landlords of a certain tract of real estate in Polk County, Iowa, and that although they have performed all the conditions and complied with all the terms and requirements provided by the law and the regulations of the Secretary of Agriculture for the purpose of being eligible to receive soil conservation benefits for said farm for the year 1940, the Secretary of Agriculture has arbitrarily and without legal justification refused to pay therefor.

The claim of the plaintiffs and the right to sue the United States is bottomed upon the provisions of the national "Soil Conservation and Domestic Allotment Act," Title 16, U.S.C.A., under §§ 590a-590h, 590i, 590j-590q, and the Tucker Act, Title 28, § 41 (20), U.S.C.A.

It is true that under the Tucker Act the district courts are granted jurisdiction on claims arising against the United States under an express or implied agreement conferred by the Constitution, the statutes, or a contract with the United States. But it must be kept in mind that before such jurisdiction can be entertained there must be, where the claim is based upon the Constitution or the statutes, an express or implied permission to sue the United States, or where the claim is based upon contract, it must be a contract, express or implied with the United States.

Congress may create appropriate means of executing the powers of government and where this is done through corporations, and the government immunity is not preserved, such agency is generally subject to suit. Keifer & Keifer v. Reconstruction Finance Corporation, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784. Here we are not concerned with a waiver of government immunity as against the agency, but whether there has been such a waiver of immunity as against the government itself.

Analogous to the present situation are suits against the Government to recover under war risk insurance policies, and there, even under a contractual agreement to pay war risk insurance, no suit can be maintained unless there is some statute conferring the right to maintain a suit against the Government. As said in Dobbins v. United States, 10 Cir., 91 F.2d 78, 79: "War risk insurance policies are contractual obligations of the government, yet they confer no right of action on the insured or his beneficiary independently of the sovereign will. The rule that the United States may not be sued without its consent is all embracing." Citing, Lynch v. United States, 292 U.S. 571, 581, 54 S.Ct. 840, 78 L.Ed. 1434; United States v. Earwood, 5 Cir., 71 F.2d 507; McLaughlin v. United States, 10 Cir., 74 F.2d 506, 507.

I do not find any provision in the above sections of the Soil Conservation Act relied upon which either expressly or impliedly authorize a suit against the United States to recover on a claim such as that declared upon here.

Plaintiffs' attorney frankly admits that the action was brought against the United States because of the lack of any other method of obtaining relief. The only case cited in support of his position is that of United States v. Compagnie Générale Transatlantique, 2 Cir., 26 F.2d 195. The

facts in that case disclose an unlawful payment to the United States by reason of an arbitrary ruling on the part of the secretary of Labor and the implied agreement to repay, based upon a statute of the United States authorizing repayment, and it is a good illustration of a case where the Tucker Act is applicable.

Finding here no provision for the maintenance of such a suit against the sovereignty, the action should be dismissed. The Clerk will therefore enter the following order:

The above entitled action having come on for hearing in open court at Des Moines, Iowa, on a motion by the United States to dismiss the complaint, same is argued and submitted, and being advised;

Said motion is sustained, the action is dismissed, and plaintiffs except.