## McCROCKLIN v. UNITED STATES.
### Civ. No. 2226.

United States District Court
W. D. Kentucky, at Louisville.
Sept. 17, 1948.

David C. Walls, U. S. District Atty., of Louisville, Ky., and Onan A. Hydrick, of Washington, D. C., for defendant.

Blakey Helm and Frank A. Ropke, both of Louisville, Ky., for plaintiff.

SHELBOURNE, District Judge.

By stipulation of the parties, this case was heard before the Court, without a Jury, on the depositions of witnesses, and documentary evidence.

It was heard before Judge Shackelford Miller, Jr., (then District Judge, now Circuit Judge) and finally submitted December 18, 1945. At that time, defendant filed motion for judgment and tendered proposed findings of fact and conclusions of law.

On April 22, 1946, Counsel for plaintiff filed motion to set aside the submission and asked permission to retake the deposition of Dr. Walter F. McCrocklin, brother of plaintiff; for the Court to appoint a physician to examine plaintiff; who after reading the medical evidence in the case would testify either orally, or by deposition, under questioning by the Court or Counsel; to assign the case to a day for hearing of said medical witness, or for re-submission or both, and to permit either party to take further depositions for filing by the date set for re-submission.

On April 29, 1946, this Court entered an order setting aside the order submitting the action in chief; allowing either party to take additional proof within sixty days; the plaintiff to re-take the deposition of Dr. McCrocklin, and passing the action to June 28, 1946, for re-submission.

Plaintiff re-took the deposition of Dr. McCrocklin June 10, 1946. Defendant offered no additional proof. After substituted briefs were filed by both parties, final order of re-submission was entered on January 29, 1947.

Upon consideration of all of the evidence, stipulation of the parties, and the briefs of Counsel, the Court makes the following

Findings of Fact.

I. Plaintiff, Ambrose McCrocklin, applied for reinstatement of his $10,000 contract of yearly renewable term insurance, under authority of Section 304, World War Veterans' Act 1924, as amended July 2, 1926, 38 U.S.C.A. § 515, and conversion of same into a policy of United States Government life insurance on the ordinary life plan; the application was approved, subject to an indebtedness in the amount of $794.50 as of March 1, 1927, and the conversion was granted as of March 1, 1927, under policy numbered K-605,421. Premiums have been paid at the rate of $16.15 monthly, as they became due, for the period beginning with the month of March, 1927, to include the month of March 23, 1945. (It is not shown by the record whether premiums were paid subsequent to this date.)

II. Plaintiff filed in the Veterans' Administration on Sept. 6, 1932, claim for insurance benefits, which claim was denied on February 3, 1936. Plaintiff was advised of said denial by letter of same date and this action was thereafter, on April 7, 1938, commenced, plaintiff alleging in his complaint that the contract of insurance herein involved was matured by reason of his total permanent disability on September 12, 1932, on account of pulmonary tuberculosis, chronic bronchitis, and heart trouble.

III. Plaintiff has not pursued or engaged in any occupation since about 1924; and has received no compensation or remuneration for any work done by him since 1924, except that during a part of this time, he has managed and attended to his real estate holdings and stock market operations. Plaintiff received disability compensation payments from the Veterans' Administration for the period from October 15, 1924, to September 30, 1942; in the aggregate sum of $12,038.02 and since September 30, 1942, he has been receiving the statutory award of $50 per month on account of arrested tuberculosis and has also received $100 per month from the Prudential Life Insurance Com-

pany from 1924 to about 1939, because of total disability.

IV. Plaintiff now has arrested pulmonary tuberculosis, which condition has been in a state of arrest since 1927; he has had chronic bronchitis, mild, since 1931; is suffering from a heart disability of undetermined degree which was present in 1931. Plaintiff was not by reason of said named condition rendered unable to follow continuously a substantially gainful occupation during the period September 12, 1932, to and including February 3, 1936, nor was it at any time during the said period reasonably certain that such conditions would continue throughout his lifetime so as to render him unable to follow continuously a substantially gainful occupation.

V. Plaintiff had no disease or combination of diseases on September 12, 1932, or at any time thereafter up to and including February 3, 1936, the date of the administrative denial of his claim, which rendered him totally permanently disabled within the meaning of his contract of United States Government life insurance, Policy No. K-605,421.

Conclusions of Law.

I. The Court has jurisdiction of the parties and of the subject matter of this suit, for the purpose of determining whether the plaintiff became totally permanently disabled subsequent to February 3, 1936, the date of the administrative denial of his claim for total permanent disability benefits.

II. There is not substantial evidence that plaintiff became totally permanently disabled on September 12, 1932, or prior to February 3, 1936, the date of denial of his claim. United States v. Middleton, 6 Cir., 81 F.2d 205; Dobbins v. United States, 10 Cir., 91 F.2d 78.

III. The Government Life Insurance Policy No. K-605,421 did not mature on September 12, 1932, or prior to February 3, 1936, because of the total permanent disability of plaintiff. Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492.

IV. Plaintiff is not entitled to recover in this action.